19473. AMOS *v.* AMOS.

SUBMITTED SEPTEMBER 11, 1956—DECIDED OCTOBER 10, 1956.

*Jack Rogers, Clinton J. Morgon, Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*Scoggin & Martin,* contra.

ALMAND, Justice. In a divorce decree entered in July, 1950, Hughleen Beason Amos was granted a total divorce from Charles D. Amos, in which she was awarded the "full and complete custody and control" of Ann Amos, the daughter of the parties, and in the decree it was provided that the father of the child should pay to the mother "for her support and the support of said child the sum of $50 per month until said child becomes 21 years of age or married." Attached to the decree, which the court made a part thereof, was a written agreement of the parties, whereby the father agreed to pay to the mother "for the support and maintenance of their child, the sum of fifty ($50.00) dollars per month."

In April, 1956, the father of the child filed a petition with process, in the court which rendered the divorce decree, seeking to modify the decree so as to permit him to have reasonable hours of visitation of the child, and to amend the decree so as to strike from the provision as to support the words "her support and," so that the amended decree would provide that the support paid to the mother would be "for the support of said child." The mother filed a general demurrer to the petition as amended, on the ground that it failed to state a cause of action, and the demurrer was overruled. The bill of exceptions assigns error on this order.

1. The sole ground on which the father seeks to have the divorce decree amended as to the custody of the child, so that the child may visit him or he visit the child, was that it would be for the best interest of the child to permit her to visit him, and that the action of the mother in denying him access to his daughter "is to spite, annoy, and injure the petitioner." After expiration of the term at which a decree was entered, it is out of the power of the court to modify or revise it in any matter of substance. *Carswell* v. *Shannon,* 209 *Ga.* 596 (2) (74 S. E. 2d 850) ; *Perry* v. *Perry,* 212 *Ga.* 668.

2. Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor child, the court may in its discretion approve the agreement in whole or in part, or refuse to

approve it as a whole. If in making the agreement a part of the decree, there is express provision in the decree that the father shall pay the alimony for the support of the mother and support of the child, which conflicts with the agreement between the parties that the alimony shall be paid to the mother for the support of the child, the words of the decree will control. No facts are alleged in the petition which would authorize the court to strike from the decree the words "for her [the mother's] support."

It was error for the court to overrule the general demurrer to the petition.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*