22277.   BARRETT, formerly MANUS, v. MANUS.

SUBMITTED JANUARY 13, 1964—DECIDED FEBRUARY 6, 1964—
REHEARING DENIED FEBRUARY 18, 1964.

Joel A. Willis, Jr., for plaintiff in error.
R. Avon Buice, Nunn, Aultman, Hulbert & Buice, contra.

HEAD, Presiding Justice.   In a divorce action between Polly Glisson Manus and Billy T. Manus, the agreement of the parties that custody of their minor child would be in the mother, except for stated periods of time, was incorporated in the judgment of the court.   During the same term of court the father brought a motion to modify the judgment, asserting that after the order of the court was signed he gained information showing that the mother is an unfit person to have custody of the child.   He prayed that permanent custody of the child be awarded to him, and that rule nisi issue requiring the mother to show cause why the prayers of the motion should not be granted.   The judge issued an order requiring the mother to show cause why the prayers of the motion to modify should not be granted.   The mother filed general and special demurrers, and pleas of res judicata and estoppel.   Error is assigned on the order of the trial judge overruling these demurrers and pleas.

"A trial judge has the power during the same term of court at which a judgment is rendered to revise, correct, revoke, modify, or vacate such judgment even upon his own motion, for the purpose of promoting justice and in the exercise of a sound

legal discretion." *Tyler v. Eubanks,* 207 Ga. 46 (60 SE2d 130); *Bowen v. Wyeth,* 119 Ga. 687 (46 SE 823); *Gaines v. Gaines,* 169 Ga. 432 (150 SE 645); *Dover v. Dover,* 205 Ga. 241 (53 SE2d 492). "This inherent power of the court extends to all orders and judgments save those which are founded upon verdicts." *East Side Lumber &c. Co. v. Barfield,* 193 Ga. 273, 277 (18 SE2d 492). It is not too late for the judge to exercise this power if the proceeding for that purpose was begun during the term. *Miraglia v. Bryson,* 152 Ga. 828 (2) (111 SE 655); *Peoples Loan Co. v. Allen,* 199 Ga. 537, 556 (34 SE2d 811).

The motion for modification in the present case was sufficient to indicate to the trial judge that a change in custody might be in the interest of the minor child. The trial judge during the term in which a judgment is rendered can modify it on his own motion. The action of the trial judge in overruling the demurrers to the motion to modify was not erroneous. The question of the trial judge's abuse of discretion in modifying a judgment is not here involved, since no hearing has been held, and no judgment entered, on the motion for modification.

It is contended by the mother that the father is estopped from seeking modification of the custody award because he entered into a contract with her agreeing that she would have custody of the child. "Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor child, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole." *Amos v. Amos,* 212 Ga. 670, 671 (95 SE2d 5); *Booker v. Booker,* 219 Ga. 358, 359 (133 SE2d 353). At the time the divorce decree was entered the trial judge had a right to refuse to approve the agreement of the parties as to custody. Although the custody award followed the agreement of the parties, it was the judgment of the court, and the judge would have the right to modify his judgment during the term of court at which it was rendered.

In *Jones v. Jones,* 209 Ga. 861, 865 (76 SE2d 801); *Wetherington v. Wetherington,* 216 Ga. 325 (116 SE2d 234); and *Grayson v. Grayson,* 217 Ga. 133, 135 (121 SE2d 34); cited by counsel for the mother, the question before the court was the

validity of the judgment sought to be set aside, and no ruling was made in those cases on the plenary power of a trial judge to modify a judgment during the term of court at which it was rendered.

*Judgment affirmed. All the Justices concur.*