23898.   WIGGIN v. WIGGIN.

ARGUED JANUARY 10, 1967—DECIDED JANUARY 19, 1967.

64

*Roberts & Thornton, James A. Elkins, Jr., Jack M. Thornton,* for appellant.

*W. H. Young, Jr.,* for appellee.

NICHOLS, Justice. 1. The appeal filed within the time prescribed by law from an appealable judgment is not subject to the appellee's motion to dismiss. See Ga. L. 1965, p. 18; Ga. L. 1966, pp. 493, 496 (*Code Ann.* §§ 6-701, 6-803).

2. "Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor children, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole. If any change is made in the agreement as incorporated in the decree which makes the decree conflict with the agreement of the parties, the words of the decree will control. *Amos v. Amos,* 212 Ga. 670, 671 (2) (95 SE2d 5)." *Booker v. Booker,* 219 Ga. 358, 359 (133 SE2d 353); *Barrett v. Manus,* 219 Ga. 693, 694 (135 SE2d 430).

The plaintiff sought, in addition to a divorce, not only the approval of the agreement but also attorneys' fees. At a hearing, before the final hearing on the main issue in the case, the trial court awarded attorneys' fees and in the final decree approved the agreement with the modification made by the prior award of attorneys' fees. The award of attorneys' fees in accordance with the prayers of the plaintiff's petition and within

the discretion of the trial court was not error for any reason assigned.

*Judgment affirmed.   All the Justices concur.*