24947.   MILNER v. WHITE et al.

SUBMITTED DECEMBER 9, 1968—DECIDED JANUARY 13, 1969.

*Marson G. Dunaway, Jr.,* for appellant.

*Robert G. Walther, Solicitor General,* for appellee.

MOBLEY, Justice. Dewey J. Milner appealed from an order of the Juvenile Court of Floyd County denying his petition for habeas corpus in which he sought custody and control of his two minor children.

His petition asserted his right of custody under an order of November 7, 1959, entered in a divorce action brought by the father against the mother of the children. This custody order was as follows: "It is further ordered, adjudged, and decreed that the sole custody, and control of the minor children to wit: Dewey J. Milner, Jr., age 2 years; Leisa Dianne Milner, age 3 years, be awarded to the plaintiff, Dewey J. Milner. It is further ordered that the plaintiff, Dewey J. Milner pay as alimony and support for the said children the sum of $100 per month through the Office of Floyd County Juvenile Court for the care and supervision of said children as long as they may remain under the control of Floyd County Juvenile Court and until the plaintiff has served the remainder of his time in the Arm [Armed?] Forces." The children were in the care and control of Mr. and Mrs. G. E. White under an order of the juvenile court placing them with the Whites.

The superior court transferred the case to the juvenile court for determination and, after hearing, the juvenile court entered an order reciting its jurisdiction, and finding as follows: that the petition for writ of habeas corpus is without merit; that the placement of the children with the respondents was a valid and legal placement; that there has been no material change in conditions to warrant removing the children, and their interests can best be served by allowing them to remain in the custody of the respondents, until further order of the court.

It is obvious from this order that the juvenile court construed the custody order of the superior court as giving temporary custody of the children to the juvenile court, and postponing the custody of the father until he has completed his service in the Armed Forces. The order of the superior court plainly vested sole custody and control of the children in the father. It did not place temporary custody in the juvenile court, but merely

ordered the father to pay for the care of the children as long as they remain under the control of the juvenile court and while the father serves in the Armed Forces.

The legal custody of these children was in the father under the judgment of the superior court awarding him custody, and the right of possession of the children was in him. There is nothing in the record to show that the father has forfeited his parental right. The juvenile court erred in denying his petition for habeas corpus and in allowing the children to remain in the custody of the respondents.

*Judgment reversed. All the Justices concur.*