25180. BERRY v. BERRY.

UNDERCOFLER, Justice. Mary K. Berry filed an action for divorce against James H. Berry. She prayed for a divorce, temporary and permanent alimony, attorney fees and general relief. On February 12, 1969, the parties entered into an agreement settling "all matters with respect to alimony . . . property and any and all rights between the parties which they could appropriately settle in said case." On

March 3, 1969, the trial judge entered an order "before the final judgment and decree" awarding fees to the plaintiff's attorney. The agreement of the parties was incorporated into and made a part of the final order of the court on March 3, 1969. The appellant contends that since the parties had settled all issues of alimony between them attorney fees could not later be awarded by the court as they were a part of temporary alimony. *Held:*

"Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor children, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole. If any change is made in the agreement as incorporated in the decree which makes the decree conflict with the agreement of the parties, the words of the decree will control. *Amos v. Amos,* 212 Ga. 670, 671 (2) (95 SE2d 5)." *Booker v. Booker,* 219 Ga. 358, 359 (133 SE2d 353); *Newman v. Newman,* 223 Ga. 278 (154 SE2d 581); and *Howard v. Greenway,* 223 Ga. 252 (154 SE2d 367).

The plaintiff's petition sought a divorce and attorney fees. At a hearing, before the final judgment on the main issue in the case, the trial judge awarded attorney fees. Thereafter he approved the agreement between the parties and incorporated it into the final judgment. The award of attorney fees was within the discretion of the trial judge and was not error for any reason enumerated. *Wiggin v. Wiggin,* 223 Ga. 63, 64 (153 SE2d 306).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1969—DECIDED MAY 22, 1969.

*Jack P. Turner,* for appellant.

*Rich, Bass, Kidd & Broome, R. Hopkins Kidd,* for appellee.