26132. EDWARDS v. EDWARDS.

SUBMITTED OCTOBER 14, 1970—DECIDED NOVEMBER 5, 1970.

*Hendon & Henley, E. T. Hendon, Jr.*, for appellant.
*James A. Mackay*, for appellee.

GRICE, Justice. Enumerated as error are the change of custody of a minor child and the denial of a motion to vacate and set aside a final divorce decree.

These enumerations arose from an action brought in the Superior Court of DeKalb County by Barbara Hollis Edwards, hereinafter referred to as "the wife," or "the mother," against Joseph Brant Edwards, Jr., hereinafter referred to as "the husband," or "the father." In that action she sought a divorce, custody of their minor child, temporary and permanent alimony, attorney's fees, award of property, injunction and general relief. The husband denied the essential allegations of the complaint, and prayed that he be awarded a divorce, custody of the child and general relief.

The parties consented for the matter of custody to be referred to the juvenile court of that county for investigation and recommendation to the trial court. Later they agreed to an order submitting themselves to polygraph tests as to certain charges made by the wife against the husband, and for report of the results

to the trial court. Upon consideration of information from the foregoing sources the trial court transferred the temporary custody of the child from the wife, who held it pursuant to an existing temporary order, to a maternal aunt.

Subsequently the parties entered into an agreement as to custody, visitation, division of property, alimony and attorney's fees. This agreement recited that, subject to the approval of the court, it could be incorporated into and made a part of any decree that might thereafter be granted. Under this agreement the husband was to have permanent custody of the child, and the wife was to have reasonable rights of visitation. On the following day this agreement was approved by the trial court.

Also on that same day a final decree was entered. It granted a total divorce to the parties and incorporated by reference the agreement hereinabove referred to.

The decree also provided in material part as follows: "Custody of the minor child . . . is awarded to the [husband], however, it is further ordered and decreed that said minor child continue to reside in the home of said child's maternal aunt . . . until [the husband] shall establish a home of his own, and until such time [the husband] is ordered to pay to [the aunt]" certain sums for the child's care and maintenance.

Thereafter, and within the term at which such final decree was entered, the wife moved to vacate it and to set aside the settlement agreement referred to above. In essence this motion alleged that she executed the contract of settlement upon a mistake of fact, in that her former counsel in the action above referred to made to her a misrepresentation as to what custody award the trial court had stated it would make; and that the husband appeared before the trial court and prevailed upon it to enter a decree which was not in keeping with the aforesaid agreement. The motion also averred that said decree awarded custody of the child to a third party for an unlimited, unspecified and unjustified period of time; that the wife is a proper person to have custody; that she had not forfeited her right to its custody and had not consented or agreed for a third person to have its custody. The motion also stated that the final de-

cree was fraudulently obtained. It said that she had received some of the fruits of the contract, and that she tendered them to the husband. The motion prayed, in material part, that the decree and contract of settlement be vacated and set aside; and that she be awarded custody of the child.

A hearing upon this motion was held at which oral and documentary evidence was presented. The wife and her former counsel were among those who testified. Thereupon the trial court entered an order denying the motion.

■ We have carefully considered the evidence upon this motion, and have concluded that the trial court's order of denial was fully authorized, if not demanded.

(a) We find no evidence to support the charge that the final decree was the result of mistake or fraud. Likewise, we find none as to the execution of the contract of settlement upon which the decree was based.

(b) There is no merit in the wife's position that the trial court was required to award custody in keeping with the settlement agreement entered into between the parties and that, therefore, the trial court was not authorized to include the provision for the child's continued residence in the aunt's home until the husband established a home. In case of conflict between the decree and the agreement of the parties, the decree controls. *Howard v. Greenway*, 223 Ga. 252 (154 SE2d 367); *Berry v. Berry*, 225 Ga. 318 (168 SE2d 132).

(c) Furthermore, the decree did not award custody to a third party, so as to violate the wife's parental right, as she contends. The decree expressly recites that "custody . . . is awarded to the [father]." The language immediately following, "however, it is further ordered and decreed that said minor child shall continue to reside in the home of said child's maternal aunt . . . until the defendant shall establish a home of his own," and ordering specified payments until he does so, did not result in an award of custody to the aunt. Cf. *Milner v. White*, 225 Ga. 29, 30 (165 SE2d 655). Rather, this provision was a mere condition to the father's award of custody. Conditions are frequently incorporated in custody awards.

█ The enumeration complaining of a change in custody from the wife to the aunt need not be considered. This issue involved a period of temporary custody, prior to the final decree, and is now moot.

For the foregoing reasons the judgments complained of are

*Affirmed. All the Justices concur.*