## 28569. DODSON v. DODSON.

MOBLEY, Chief Justice. This appeal is from a verdict and judgment for divorce and alimony in favor of the wife, and from the denial of a motion for new trial by the husband.

1. The appellee wife moved to dismiss the appeal on the ground that the motion for new trial was premature and void because filed prior to the entry of the judgment on the verdict.. Although the motion for new trial was void, the appeal was filed within 30 days after the entry of the order denying the motion, and the motion to dismiss is without merit. *Harrison v. Harrison,* 229 Ga. 692 (1) (194 SE2d 87).

2. The appellant husband concedes that there was evidence to support the verdict.

3. In her complaint the wife contended that the husband had taken the keys of the automobile he had given her, and had refused to give her any form of transportation. In his answer the husband alleged that he deprived his wife of transportation because he did not consider that she and their son Virgil were competent to drive, and he did not want to risk lawsuits because of their accidents.

On the trial, counsel for the husband cross examined the wife in regard to a wreck in which their son Virgil was involved, and two lawsuits that had been filed in connection with this wreck, wherein the husband had also been sued.

The fourth enumerated error complains of a statement by the trial court that until it has been adjudicated that the husband is liable, that is not one of his liabilities. This statement was made by the court while sustaining the husband's objection to questions by the wife's counsel to her as to whether she had heard the husband say anything about being liable for the wreck.

The statement of the trial judge was correct, and this enumerated error is without merit.

4. The fifth enumerated error asserts that the court erred in refusing to admit in evidence copies of the two suits to which the evidence in the previous enumerated error referred.

The jury was fully informed by the oral testimony that the husband

had been sued in two tort actions growing out of an accident in which his son was involved, in which the total amount claimed was $45,000. The allegations of the complaints in the damage actions had no relevancy to the issues being tried in the divorce action, and it was not error to refuse to admit them in evidence.

5. Enumerated error 6 asserts that the court erred in failing to charge the jury that the parties could enter into a valid and binding agreement in settlement of alimony and property questions; and enumerated error 7 complains of the court's failure to give a requested written charge on the binding effect of contracts entered into between the parties in settlement of alimony and property questions.

Two written agreements between the parties were introduced in evidence. The first agreement was signed during a prior separation of the parties, and upon their reconciliation, became totally ineffective.

The second agreement was signed by the wife during the separation preceding the trial of the present case. Her evidence indicated that her signature was obtained by her husband under coercive circumstances, and in the absence of her attorney. Only the given names of the husband appear on the agreement. It was prepared by attorneys representing the husband in a divorce action he contemplated filing. It was not offered to the court by the parties as their agreement which they desired to have made the judgment of the court.

Even where the parties enter into an agreement settling the question of alimony, and present it to the court for incorporation into the decree, the court, or the jury where the case is heard by a jury, may approve the agreement in whole or in part, or refuse to approve it as a whole. *Amos v. Amos,* 212 Ga. 670, 671 (95 SE2d 5); *Booker v. Booker,* 219 Ga. 358, 359 (133 SE2d 353); *Wiggin v. Wiggin,* 223 Ga. 63 (153 SE2d 306); *Berry v. Berry,* 225 Ga. 318 (168 SE2d 132).

There was no error in the trial judge failing and refusing to charge on the agreements entered into between the parties.

*Judgment affirmed. All the Justices concur.*

Submitted January 15, 1974 — Decided February 18, 1974 — Rehearing denied March 7, 1974.

*D. D. Veal,* for appellant.
*Eva L. Sloan,* for appellee.