S91A0005. ROBINSON v. ROBINSON.
(404 SE2d 435)

SMITH, Presiding Justice.

Mr. and Mrs. Robinson appeared in the Superior Court of Gwinnett County on March 26, 1990 for a final hearing on their divorce petition. The parties' attorneys announced that a settlement had been reached, and they wished to put the terms of the settlement into the record. When the agreement was memorialized, an additional term was included that was not read into the record. Despite the appellant's, Mrs. Robinson's, protest, the trial court order included the additional term. We granted the appellant's discretionary appeal and asked the parties to address whether or not "the judgment entered by the trial court accurately reflects the settlement reached by the parties." We find that it does not, and we reverse.

During the settlement hearing, Mr. Robinson's attorney stated that Mr. Robinson would make alimony payments until a certain date provided that Mrs. Robinson did "not die [or] remarry." That was the only reference to termination of alimony read into the record by the appellee. Mrs. Robinson's attorney responded, "All the alimony payments are subject to that, we don't have to repeat that with every payment." On three different occasions during the hearing, without challenge by Mr. Robinson, Mr. Robinson's attorney stated that the agreement read into the record was the full and final agreement between the parties and that it was not subject to modification.[1] After

---

[1] "Excuse me, Your Honor, let me restate the alimony section. The full and final settlement of each and all their rights against each other, they both waive the right to modify this agreement." "Both sides have waived their right to a future modification of this and it's a full and final settlement. I think all matters should be controlled by Georgia Law." "[W]e believe this is a full and final settlement of each and every right and it's fully and finally settled."

the full agreement was read into the record, the parties were examined. Mr. Robinson testified that the agreement was correct, that he understood and was satisfied with the terms of the agreement, and that he desired the agreement to be made a part of the order of the court and be enforceable by the court. Mrs. Robinson also testified that she understood and was satisfied with the terms of the agreement. However, the memorialized agreement presented to the court included a term that was not in the record, i.e., that Mrs. Robinson's alimony would terminate if she "cohabits with another male." Despite Mrs. Robinson's protest, the final divorce decree included the additional termination event.

The appellant relies upon *Daniel v. Daniel,* 250 Ga. 849, 852 (301 SE2d 643) (1983) for the proposition that "[t]here is a strong public policy in favor of enforcing contracts as written and agreed upon." The appellee, looking to another line of cases, argues that the trial court acted within its discretion as it has the authority to approve or disapprove an agreement "in whole or in part, or refuse to approve it as a whole. If in making the agreement a part of the decree, there is express provision in the decree that . . . conflicts with the agreement between the parties . . . the words of the decree will control." *Amos v. Amos,* 212 Ga. 670, 671 (95 SE2d 5) (1956).

The domestic relations laws of this state have changed tremendously since *Amos* was written, without citation of authority, and our superior courts are experiencing case loads that could not have been envisioned 35 years ago. The superior courts of this state encourage parties to reach settlements rather than waiting years to find a place on the crowded dockets. Our strong public policy of encouraging negotiations and settlements would be greatly eroded if we allow trial courts to add substantive terms to agreements read and recorded in open court. Additionally, it would create an anomaly if we allow trial courts to make substantive additions in voluntary agreements made before the court while forbidding substantive changes in jury verdicts. "The decree should carry the verdict into effect, not destroy it. [OCGA § 19-5-13]; *Gilbert v. Gilbert,* 151 Ga. 520, 523 (107 S. E. 490)." *Wise v. Wise,* 156 Ga. 459, 465 (119 SE 410) (1923). See generally OCGA §§ 9-12-7 and 17-9-40.[2] Just as a decree should accurately reflect the jury's verdict, a decree should also accurately reflect a settlement reached by the parties.

*Judgment reversed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

---

[2] In child custody cases, trial courts are required to ratify agreements made between the parents and make them part of the court's final judgment "unless the court makes specific factual findings that the agreement would not be in the best interest of the child or children." OCGA § 19-9-5 (b).

DECIDED MAY 23, 1991 —
RECONSIDERATION DENIED JUNE 20, 1991.

*Marva B. Simpson, Vanessa I. Hickey-Gales,* for appellant.
*Dana A. Azar,* for appellee.