### S92A0559. REICHARD v. REICHARD.
(423 SE2d 241)

BELL, Justice.

This appeal raises several issues stemming from the superior court's grant of a motion to enforce a purported settlement agreement between the parties to a divorce action. We conclude that the trial court erred in ending the hearing on the motion without having permitted appellant's counsel to complete cross-examination of her former counsel and to present evidence and argument. Moreover, we conclude that the court erred by adopting and incorporating into the final judgment and decree a document that was not the purported settlement agreement. Finally, we conclude that an estoppel argument by appellee was not raised in the trial court, and therefore presents nothing for our review. For these reasons, we reverse the judgment and decree of divorce and remand this case with direction.

On March 1, 1991, after a recess from an interlocutory hearing in the divorce case, Richard E. Allen, who was counsel for plaintiff-appellant Janet Reichard, informed the trial court in open court that the parties had entered into a settlement agreement. Allen said that Edward J. Coleman III, who was counsel for defendant-appellee Sherwood Reichard, "and I both have been scribbling, it's a little bit complicated, but let me see if I can get it out." After stating that "[t]his will be a final settlement of the entire matter," Allen then orally announced the terms of the purported settlement agreement, while dic-

tating the announcement into a tape recorder (the proceeding was not attended by a court reporter).[1] He then asked Coleman whether he (Allen) had "left out anything," to which Coleman responded by clarifying a term of the agreement. Allen then said, "I think that's it." Allen asked the court whether "that [was] acceptable," to which the court replied it was, and Allen then said "we will prepare an Order and get it to you." (Hereinafter, the foregoing oral announcement (meaning the statements by both attorneys) will be referred to as "the announcement.")

Allen and Coleman subsequently conducted negotiations concerning revision of the purported settlement agreement. Coleman eventually drafted and submitted to appellant a proposed revision of the purported settlement agreement (hereinafter "the proposed revision") which included revisions of certain terms in the announcement and additional terms that had not been in the announcement (hereinafter the revisions of terms and the additional terms will be referred to collectively as "the non-announcement terms"). The non-announcement terms included a change in the amount of monthly alimony, as well as allocation of the parties' bank accounts, appellee's retirement plan, two automobiles, and debt payments. When appellant refused to sign the proposed revision, appellee moved to enforce "the terms of the settlement of this divorce case as announced by Plaintiff's counsel." In his motion, appellee referred to the announcement as "a complete summary of the settlement."

Before the hearing on the motion, appellant retained new counsel, Maria S. Georgeton. Appellee commenced the hearing by calling Allen as a witness. He testified that the announcement was "the basic agreement that we had. It wasn't very articulate, but we wanted to preserve it in some way." He testified that the subsequent changes to the announcement had been partly to "accommodate" requests by appellant and partly "to clean up the somewhat inarticulate verbal settlement we had." He said there were "some other things that we just hadn't been real specific about that Coleman put in the written agreement; and some things were fine and some we disagreed with, some were changed, some were debated and negotiated."

When asked on cross-examination by Georgeton whether the proposed revision was "an adequate representation" of the announcement, Allen testified that the proposed revision was "substantially accurate." Allen was later asked whether the announcement had been "presented to the Court as the whole agreement between the parties."

---

[1] It is unclear whether the transcript of the recording was formally entered into evidence during the subsequent hearings on the motion to enforce the purported settlement agreement, but the transcript appears to have been treated as evidence at those hearings, and the parties appear to have no dispute over its accuracy.

He replied that it "was presented as an understanding. When you make a statement in court, such as we did, I don't think you intend to incorporate every if, and, or but."

As Georgeton began further questioning of Allen about the non-announcement terms, appellee objected to any further discussion of the terms of the proposed revision, characterizing any differences between it and the announcement as "minor details." Georgeton replied that she did not consider the additional terms to be "minor details," and that appellant's contention was that "there was never any contract. There was never any agreement because there were so many things left to be decided later." The trial court sustained the objection, and then, in response to a request by Georgeton for clarification of its ruling, seemed to indicate that it considered the proposed revision to be that which appellee wished enforced.[2] Coleman once again indicated to the court that appellee was not asking the court to enforce the proposed revision:

> Your Honor, if I could interrupt just a moment. The purpose of my objection was to say basically *we're not seeking to enforce the separation agreement that I prepared, which, quite frankly, does not reflect exactly the settlement that was reached.* And, therefore, since she wouldn't sign that, I think we go back to the settlement.
>
> . . .
>
> Your Honor, if I could just clarify one thing. The settlement statement given by Mr. Allen in court reflects those things that were to flow to the plaintiff, Mrs. Reichard. *It does not necessarily state everything. . . .*
>
> But if Mr. Allen didn't state that it flowed to her, the implication and the understanding between the parties was that it stayed with him. [Emphasis supplied.]

The court then ruled that it was terminating the hearing, and that "the separation agreement that was announced [would] be incorporated in the final decree." Subsequently, a judgment and decree of divorce was entered which purported to grant appellee's motion to enforce. However, notwithstanding the representations of Coleman to the court that appellee only wished to have the *purported settlement*

---

[2] Appellant's current counsel asked, "Your Honor, are you talking about the original same statement as was stated in the taped statement or as was proposed in the proposed separation agreement?" The court replied, "It's drawn up. What is stated in court is not a dictation of the separation agreement."

*agreement* enforced, the court adopted and incorporated the *proposed revision* into the final decree and judgment.[3] The court subsequently amended the judgment to add an additional term.[4] We granted appellant's application for discretionary review.

1. Appellee contends that appellant is estopped from appealing the trial court's judgment because she accepted benefits pursuant to the announcement. However, the record does not reflect that this issue was raised or considered and ruled on in the trial court, and we therefore will not consider it on appeal.

2. Oral settlement agreements are enforceable if their existence is established without dispute, but "where the very existence of the agreement is disputed, it may only be established by a writing." *LeCroy v. Massey*, 185 Ga. App. 828, 829 (366 SE2d 215) (1988) (authored by Judge, now Justice, Benham). Accord *Abrams v. Abrams*, 262 Ga. 170 (416 SE2d 88) (1992). "No contract exists until all essential terms have been agreed to [cit.][,]" *Bridges v. Bridges*, 256 Ga. 348, 349-350 (1) (349 SE2d 172) (1986), and the failure to agree to even one essential term means there is "no agreement to be enforced," id. at 350. A "decree should also accurately reflect a settlement reached by the parties," and a trial court is not authorized to adopt and incorporate into the final decree and judgment of divorce a purported memorialization of the settlement that contains more substantive terms than the settlement. *Robinson v. Robinson*, 261 Ga. 330, 331 (404 SE2d 435) (1991).

Appellant contends that for several reasons the trial court erred by enforcing the proposed revision. First, she contends that the trial court erred by terminating the hearing on the motion to enforce without having permitted Georgeton to complete cross-examination of Allen and to present evidence and argument. Second, she contends that there was never any settlement agreement. See *Bridges*, supra, 256 Ga. Finally, she contends that the trial court's adoption and incorporation of the proposed revision amounted to an unauthorized addition of substantive terms to the announcement. See *Robinson*, supra, 261 Ga.[5] Appellee responds that the parties entered into the purported

---

[3] No copy of the proposed revision has been included in the record transmitted to this Court, but appellant contends, and appellee does not dispute, that the court adopted and incorporated the proposed revision.

[4] The additional term provided that
[w]hen the wife reaches age 65, the husband shall pay alimony of $1100.00 per month (a $100.00 increase), but he shall have no further obligation to pay the wife's medical insurance premiums.
It is unclear whether this provision was part of the proposed revision. Inasmuch as appellant raises no specific contention concerning it, we assume for purposes of this opinion that it was.

[5] It appears in this contention appellant is arguing that, *assuming without deciding that the parties entered into an enforceable agreement*, the trial court nevertheless erred by adopting and incorporating the proposed revision instead of the agreement.

settlement agreement, and that it is enforceable.

(a) Appellant's first enumeration has merit. Our review of the transcript of the hearing on the motion to enforce shows that, at the point the hearing was terminated, appellant's line of inquiry in cross-examining Allen was relevant to the appropriate legal issues, and we find that the court erred in preventing her from continuing cross-examination. Moreover, the court erred by precluding her from presenting her own evidence and arguments.

(b) Assuming without deciding that the purported settlement agreement existed, we also find that appellant's third enumeration has merit, since the proposed revision contains more substantive terms than the purported settlement agreement. During the hearing on the motion to enforce, Coleman stated in his place that "we're not seeking to enforce the separation agreement that I prepared, which, quite frankly, does not reflect exactly the settlement that was reached," but also said that the announcement "does not necessarily state everything." Thus, appellee's own evidence is that the announcement did not include all terms of the purported settlement agreement, and that the proposed revision (and, by extension, the final decree and judgment) contained more terms than the purported settlement agreement. Moreover, inasmuch as it appears that appellee failed to establish what the terms of the purported settlement agreement were, we assume for purposes of this appeal that the terms that were present in the proposed revision but were not in the purported settlement agreement were substantive. Accordingly, we hold that the trial court erred by adopting the proposed revision, as the court thereby effectively added substantive terms to that agreement. *Robinson*, supra, 261 Ga.

(c) We pretermit consideration of appellant's contention that no settlement agreement was entered into. We note again, however, that appellee never established the terms of the purported settlement agreement. On remand, proof of those terms will be necessary in order to prove the existence of the purported settlement agreement.

3. The judgment must be reversed, and this case remanded to the trial court for further proceedings. On remand, if appellee wishes to recommence his efforts to enforce the purported settlement agreement, the court shall afford both parties a full opportunity to explore the issues in this case, such as whether the parties entered into the purported settlement agreement and, if so, what the terms of that agreement were. If appellee wishes to show that appellant is estopped from contesting the enforceability of the purported settlement agreement, the court shall afford him an opportunity to explore that issue.

*Judgment reversed and remanded with direction. All the Justices concur; Hunstein, J., not participating.*

DECIDED DECEMBER 1, 1992.

*Maria S. Georgeton,* for appellant.
*Surrett, Walker, Creson & Colley, Edward J. Coleman III,* for appellee.