**Vick GRIFFIN, d/b/a Griffin Construction Co., Plaintiff-Appellee,**

v.

**SWIM-TECH CORPORATION, a foreign corporation, Defendant-Appellant.**

No. 81–6173.

United States Court of Appeals,
Eleventh Circuit.

Jan. 9, 1984.

J. Marshall Conrad, Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, Fla., for defendant-appellant.

Hinkle & Battaglia, Robert L. Hinkle, Tallahassee, Fla., for plaintiff-appellee.

Before FAY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

FAY, Circuit Judge:

The United States District Court for the Northern District of Florida granted a partial summary judgment and a default judgment against Swim-Tech Corporation ("Swim-Tech") in a suit for breach of a dealer agreement. The district court entered these judgments after Swim-Tech's protracted discovery delays in the face of court orders. After the court entered final judgments, Swim-Tech filed motions under Federal Rule of Civil Procedure 60(b)(6) to set them aside. The district court denied relief, a jury trial was held on the issue of damages and Swim-Tech appeals. Finding the denial of the motions well within the district court's discretion because of Swim-Tech's numerous violations of pretrial orders, we affirm.

A brief review of the proceedings in the district court illustrates why the court took the rather drastic step of entering partial summary judgment and default judgment against Swim-Tech. In December, 1976, Vick Griffin, d/b/a Griffin Construction Company ("Mr. Griffin") entered into a dealer agreement with Swim-Tech by which Mr. Griffin was given the rights to sell Swim-Tech's pools in four Florida counties.

Pursuant to the agreement, Mr. Griffin purchased from Swim-Tech two vinyl-coated steel pools and installed them for customers in Florida. The pools began rusting shortly after their installation, even though they were represented as being rust-proof. After some discussions between the parties, Griffin filed a complaint in the United States District Court for the Northern District of Florida on May 2, 1980, alleging common law fraud and violations of Florida's Franchises and Distributorships Act, Fla.Stat. § 817.416 (1979) and Florida's Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.211(1) (1979). Swim-Tech filed an answer to this complaint on May 15, 1980.

In preparation for trial, Griffin's counsel served the following discovery requests on Swim-Tech:

| | |
|---|---|
| Request for Production of Documents | June 27, 1980 |
| Notice of Depositions | June 27, 1980 |
| Second Request for Production of Documents | August 6, 1980 |
| First Set of Interrogatories | August 6, 1980 |
| First Request for Admissions | August 6, 1980 |
| Third Request for Production of Documents | August 12, 1980 |
| Second Set of Interrogatories | August 12, 1980 |

Swim-Tech did not respond to any of these discovery requests within the time allowed by the rules. A motion to compel discovery was filed on September 17, 1980. Swim-Tech did not respond to this motion. On October 3, 1980, the district court entered an order compelling discovery but gave Swim-Tech an additional ten days to comply with the discovery requests. The court also ordered Swim-Tech to show cause why sanctions should not be imposed. These orders were ignored.

On December 2, 1980, almost six months after the discovery requests had been served on Swim-Tech's counsel and two months after the court's order compelling discovery, Griffin's counsel filed a motion for default judgment, a civil contempt motion and a partial summary judgment motion. Once again, Swim-Tech made no response. On December 31, 1980, the district court afforded Swim-Tech another chance

to comply by granting an additional ten days as to all pending motions.

On January 19, 1981, three months after the court's deadline on the order compelling discovery, Swim-Tech filed an answer to the first request for admissions and ignored all of the other filed discovery pleadings. It once more totally disregarded all of the orders of the court. On March 6, 1981, three months after the motions had been filed and not responded to by Swim-Tech, and three months after the extension of time allowed by the court to respond to the motions, the court, after a hearing attended by all counsel, granted the partial summary judgment and default judgment in favor of Griffin on the issue of liability. The court stated that the action would proceed to jury trial only on the issue of damages. At this time the court withheld adjudication on Griffin's contempt motion until April 1, 1981. The court stated that if Swim-Tech complied with the discovery requests at issue prior to that time, the motion for civil contempt would be denied.

On April 9, 1981, after the court's deadline, Swim-Tech filed unsigned responses to the first and second document production requests and the first set of interrogatories. On May 1, 1981, Griffin's counsel requested oral argument on the contempt motion and a hearing was scheduled for July 16, 1981. Swim-Tech's counsel did not appear. At this hearing the court entered its order adjudicating Swim-Tech and its counsel in contempt of court. The court stated that unless all the requested discovery material was furnished by July 31, 1981, Swim-Tech and its counsel would be assessed fines of $100 each per day commencing on August 1, 1981. The court gave Swim-Tech and its counsel another chance by allowing them to purge the contempt if they furnished the discovery requests to opposing counsel by July 31, 1981. The principal of Swim-Tech

was mailed a copy of the contempt order by the clerk of the court with a return receipt requested. The court scheduled the jury trial on damages for September 1, 1981.

■ On July 31, 1981, Swim-Tech, through new counsel, filed signed responses to plaintiff's first and second document production requests but ignored all the other outstanding discovery. On August 11, 1981, Swim-Tech filed motions to vacate the default judgment and to reconsider the partial summary judgment and requested a hearing on these motions. It still failed to comply with the outstanding discovery orders. On August 31, 1981, the district court, without a hearing, denied the reconsideration motion and on September 30, 1981, it similarly denied Swim-Tech's motion to vacate the default judgment. On October 20, 1981, a jury trial was held on the issue of damages, wherein a verdict was returned for compensatory damages of $50,000.00 and exemplary damages of $75,000.00 and a final judgment was entered by the court.[1] Appellant appeals from the final judgment asserting that the district court abused its discretion in denying relief. We affirm.

## FRCP 60(b)(6)

Fed.Rule Civ.P. 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. It provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . .; or (6) any

---

1. Appellant attacks the sufficiency of the evidence as to the damage awards. We find that it is adequate. Neither trial courts nor appellate courts are free to substitute their judgment for that of the jury. The question is whether or not reasonable jurors could have concluded as this jury did based upon the evidence present-

ed. We find in the affirmative. See Terry v. Raymond Int'l, Inc., 658 F.2d 398, 404 (5th Cir.1981); Williams v. Insurance Co. of North America, 634 F.2d 813, 815 (5th Cir.1981); Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir.1969) (en banc).

other reason justifying relief from the operation of the judgment.

The purpose of the rule is to define the circumstances under which a party may obtain relief from a final judgment. It should be construed in order to do substantial justice, *e.g., Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n.,* 507 F.2d 227, 228–29 (5th Cir.1975), but this does not mean that final judgments should be lightly reopened. The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments. The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the "incessant command of the court's conscience that justice be done in light of *all* the facts." *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (emphasis in original).

Rule 60(b) has vested the district courts with the power "to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). Motions under the rule are directed to the sound discretion of the district court. Appellate review therefore is limited to whether the district court abused its discretion in denying the Rule 60 motion. *Phillips v. Insurance Co. of North America,* 633 F.2d 1165 (5th Cir.1981) (Unit B).[2] Thus, to overturn the district court's denial of the motions in this case, it is not enough that a grant of the motions might have been permissible or warranted; rather, the decision to deny the motions must have been sufficiently unwarranted as to amount to an abuse of discretion. *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir.1981) (Unit A).

Swim-Tech alleges that it was entitled to relief before the district court under clause (6) of Fed.R.Civ.P. 60(b), which permits a judgment to be set aside for "any

other reason justifying relief from the operation of a judgment." This clause is a broadly drafted umbrella provision which has been described as "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." 7 J. Lucas & J. Moore, Moore's Federal Practice ¶ 60.27[2] at 375 (2d ed. 1982). It is well established, however, that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. *Ackermann v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950). The party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result. *United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932).

In this case we do not find any extraordinary circumstances that require a reversal of the district court under 60(b)(6), and we cannot say that it was an abuse of discretion to deny the motion on the basis of that section. The district court judge was inordinately patient with Swim-Tech and its counsel. He did not grant the motions for partial summary judgment and for default judgment until seven months had elapsed since the discovery requests had been filed. Throughout these seven months he continuously gave Swim-Tech opportunities to comply. He did not find Swim-Tech and its counsel in contempt and did not impose any fines until eleven months after the discovery requests had been filed. Swim-Tech changed counsel and was given the opportunity by the court to purge the finding of contempt if it provided the needed discovery through its new counsel. Once more this was not done.

We are not unmindful that very high among the interests in our jurisprudential system is that of deciding cases on their merits and that the sanction imposed by the district court in this case should be applied

---

**2.** Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this court, unless reversed by this court sitting

*en banc. Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

only in extreme circumstances. However, this case is replete with inexcusable delay and numerous unjustified violations of the court's orders, which fully support the court's denial of relief under Rule 60(b)(6). Finding no abuse of discretion and that the evidence supports the damage awards, we AFFIRM.