883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David KERSH, Plaintiff-Appellant,
v.
Norman SHY, Richard J. Maddin, Maddin, Weiner, Hauser,
Wartell & Roth, P.C., and Glasser, Rock, & Lazell,
P.C., Defendants-Appellees.
 No. 88-1784.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge
 MERRITT, Circuit Judge.
 
 
 1
 David Kersh appeals pro se from the dismissal of his suit for a declaratory judgment and damages under 42 U.S.C. SS 1981, 1983, 1985, 1986 and 1988, and various state-law torts. Kersh was arrested and incarcerated on a warrant issued when he was held in contempt of the Michigan Circuit Court. His defendants are individuals and firms involved in the state-court proceedings that gave rise to the contempt order, and included--until he was dismissed by stipulation of the parties--the judge in that proceeding. Kersh appeals from various rulings of the District Court that resulted in the dismissal of his cause in its entirety. We affirm the judgment below in every respect, and assign sanctions to Kersh's pursuit of this frivolous and vexatious appeal.
 
 FACTUAL AND PROCEDURAL HISTORY
 
 2
 Shy sued Kersh on a promissory note in Oakland County Circuit Court, and won. Shy's attorney, Richard J. Maddin, obtained a subpoena duces tecum calling Kersh to a post-judgment debtor's examination at the offices of his firm, now known as Maddin, Weiner, Hauser, Wartell & Roth, P.C. Though the subpoena was served on Kersh on May 10, 1984, he failed to comply with it.
 
 
 3
 It appears that Kersh's position was that, because he was a Texas resident, Shy was obliged by Michigan law to pay Kersh's travel expenses. Kersh did not, however, pursue the proper remedy under Michigan law--a motion to quash the subpoena. Instead, he simply failed to appear at the debtor's examination. On Maddin's motion, Judge Robert Templin of the Oakland County Circuit Court held Kersh in civil contempt and issued a bench warrant for his arrest and incarceration until he complied with the subpoena.
 
 
 4
 Kersh was arrested on September 26, 1984. At the time of his arrest he was present in a state courtroom as a party opposing Maddin on an unrelated matter. It appears that he may have been arrested on the warrant just described, but it also appears that there was another, unrelated warrant for Kersh's arrest outstanding at this time, and his arrest may have been under that warrant. Kersh was in jail for about six to eight hours.
 
 
 5
 Kersh claims that, in this course of events, Maddin, his firm, Judge Templin a number of other Michigan state judges and court officials and others conspired to and did deprive him of his constitutional rights and committed libel, slander, malicious prosecution, false arrest, and false imprisonment. He alleges that Maddin failed to state probable cause for the issuance of an arrest warrant and that the ex parte hearing at which he was held in contempt and which produced the arrest warrant was a violation of his due process rights. He also alleges that, in July and August of 1984, he appeared twice before Judge Templin in the presence of Maddin seeking to purge himself of the contempt, but that Judge Templin refused to allow him to do so. The most that Judge Templin would do, he claims, was to instruct Maddin to conduct the debtor's examination in a few weeks; because Maddin refused to schedule the examination, Kersh claims, he was left with no way to comply with the subpoena and to purge himself of contempt.
 
 
 6
 The procedural history of this federal litigation is complex: the District Court's docket sheet lists almost 200 items. Kersh filed suit against a great number of defendants, including Judge Templin. Relying on the parties' stipulation that many defendants should be dismissed, the District Court dismissed all defendants except Maddin, Shy, Maddin's firm, Alan Glasser and his firm Glasser, Rock & Lazell, P.C. R. 60. Not long after, the District Court dismissed all Kersh's federal claims with the sole exception of his conspiracy claim under S 1983. R. 79. Midway through the pretrial motions the case was reassigned from Judge George E. Woods to Judge Patrick J. Duggan. R. 159. Judge Duggan denied Kersh's motion for summary judgment. R. 184. Subsequently, the entire matter--including the S 1983 conspiracy claim and all the state claims--was dismissed with prejudice on the defendants' motion for summary judgment. R. 188. In ruling for the defendants on their summary judgment motion, the District Court rejected the recommendation of its Magistrate that the cause should go to trial. R. 182. Kersh filed a motion to set aside the dismissal, which the District Court denied. R. 189, 195.
 
 
 7
 Kersh raises a number of issues on appeal. Though the notice of appeal states that he wishes to challenge the District Court's order denying his motion to set aside the dismissal, we will regard this pro se plaintiff as raising as well a challenge to the rulings actually dismissing his claims. Reordering Kersh's arguments somewhat in order to avoid repetition, we have the following arguments before on this appeal:
 
 
 8
 1. The District Court erred when it denied Kersh's motion to reconsider.
 
 
 9
 2. The District Court erred in granting summary judgment on the S 1983 conspiracy claim and on the state law claims because he had raised genuine issues of material fact.
 
 
 10
 3. The District Court erred when it limited Kersh's discovery.
 
 
 11
 4. The District Court erred in refusing to grant Kersh summary judgment.
 
 
 12
 5. This Court should issue a writ of mandamus removing Judge Duggan from this case.
 
 
 13
 We decline to consider Kersh's Issue IV ("Was the appellant illegally arrested") as it does not appeal a ruling made by the District Court below but is rather a general assertion of the merits of this case. In the paragraphs that follow we consider the issues properly before us and conclude that Kersh, having presented a meritless case to the District Court, has pursued it in a frivolous and, indeed, vexatious appeal. We reject every assignment of error and impose an appropriate sanction upon Kersh's pursuit of this nuisance litigation.
 
 
 14
 Motion to reconsider. Kersh filed a motion for reconsideration under Fed.R.Civ.P. 59(e) and 60(b)(6). The District Court considered Kersh's motion to reconsider as raised under Fed.R.Civ.P. 59(e) and denied it.
 
 
 15
 It is well established that a court deciding motions under Fed.R.Civ.P. 59(e) and 60(b)(6) acts on its own sound discretion, and that its decision may be reversed only if it abuses that discretion. 11 Wright & Miller, Federal Practice and Procedure S 2803 (Rule 59(e)) and S 2857 (Rule 60(b)(6)) (1973); Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir.1984). Kersh does not argue, and we do not find, that the District Court abused its discretion in denying his Rule 59(e) motion.
 
 
 16
 Summary judgment for the remaining defendants. The District Court, rejecting in its entirety the recommendation and opinion of magistrate, granted summary judgment to all remaining defendants pursuant to Fed.R.Civ.P. 56(c). The District Court held that there was no genuine issue of material fact that necessitated trial of Kersh's S 1983 conspiracy claim or of his state law claims.
 
 
 17
 We believe the District Court's ruling was correct. Applying the rule of Hooks v. Hooks, 771 F.2d 935 (6th Cir.1985), it required Kersh to show that he had raised a genuine issue of material fact as to the existence of "an agreement between two or more persons to injure another by unlawful action." Id. at 943-44. In order to show an agreement, the plaintiff was required to show "that there was a single plan, that the alleged coconspirator [sic] shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." Id. at 944. The Court concluded that Kersh had failed to present any factual basis for his claim that the defendants had conspired against him in violation of S 1983. It noted that Kersh had attempted to resist the summary judgment motion by pointing to the transcript of proceedings before Judge Templin, including the failure of Judge Templin to allow him costs for travel to the sought deposition and the fact that the contempt order and bench warrant were issued at an ex parte hearing. None of these record facts, it concluded, were sufficient to allow a disappointed litigant to sue his opponents for conspiring to violate his civil rights.
 
 
 18
 Though the District Court did not mention this fact, the Magistrate indicated that Kersh also relied on his own allegations of the circumstances surrounding his arrest and incarceration, particularly Kersh's undisputed allegation that he was arrested while in state court as a litigant in an unrelated matter. The Magistrate also indicated that Kersh relied on the legal expertise of some of the defendants, arguing that they must be held to have known of the irregularity and unfairness of the proceedings that led to Kersh's arrest.
 
 
 19
 We have read the relevant transcripts and are surprised by the degree to which appellant's description of the state court proceedings misrepresents them. The gravamen of Kersh's case is that the ex parte hearing at which he was held in contempt was fundamentally unfair, and that, once he was held in contempt of court, he was given no opportunity to purge himself. The record reveals, however, that Kersh did fail to comply with the subpoena; and Kersh shows no reason why an ex parte hearing on a motion to hold a party who has ignored a valid subpoena in civil contempt is a violation of due process. Further, Kersh was never placed in the double bind he describes in his brief, with the judge refusing to order Maddin to set a time certain for a deposition and with Maddin refusing to schedule a deposition. Rather, the record before us indicates that, at the August 15 hearing on Kersh's motion to purge his contempt, Maddin convinced the court to maintain the contempt order only until Kersh supplied the requested documents. JA 356-59. At no time during this hearing did Kersh claim that none of the documents were available to him.
 
 
 20
 The result of the August 15 hearing is clear: by producing the documents, Kersh would have purged himself of his contempt. He did not do so, and several consequences ensued. Kersh's house burned down, destroying, as he claimed, all the requested documents. And Kersh was arrested pursuant to the subpoena. When Kersh, now in custody, sought for relief from the contempt order, Judge Templin conducted a lengthy and detailed hearing. He accepted as true for purposes of the hearing Kersh's testimony that the fire had destroyed the documents and with it his power to purge himself of the contempt. In response to this new situation, Judge Templin declined to hold Kersh in jail until he did something he had sworn he was powerless to do. Instead, he ordered Kersh to submit a list of the documents that would have satisfied the subpoena duces tecum, and ordered the parties to conduct a deposition within the next two days. Finally, he placed the bench warrant in abeyance pending Kersh's compliance with this new order. JA 430-39.
 
 
 21
 This record does not contain the glimmer of a suggestion that Maddin, his firm, his client and the judge were conspiring with each other or with any other persons to do Kersh any injustice. All that it suggests is that they strove, by entirely legal means and with careful attention to the circumstances as Kersh asserted them to be, to compel Kersh to comply with a valid order. Bare allegations in Kersh's complaint--and in his appellate brief--cannot supply a genuine issue of material fact that is otherwise entirely absent from the record.
 
 
 22
 Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."
 
 
 23
 Celotex Corp v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(c) and (e)). Finally, the legal expertise of the defendants, of itself, brings no new facts into the picture.
 
 
 24
 We conclude that the District Court ruled entirely properly when it granted the defendants summary judgment on the S 1983 claim. Indeed, our review of the actual record in the state-court proceedings below and our comparison of it with Kersh's allegations reveals two particularly unsavory facts about this litigation. First, Kersh has not been honest with this Court about matters of record. And second, after having detained as in contempt under a state-court order issued with every constitutionally guaranteed safeguard, Kersh has determined that numerous defendants--including judges and officers of the state court--shall have to defend their quite proper conduct in a vexatious suit brought under S 1983. We consider this an abuse of S 1983 and of the jurisdiction of this Court.
 
 
 25
 Kersh's brief apparently does not challenge the District Court's rulings that his state-law causes of action are similarly barren of any genuine issue of material fact. We have reviewed the District Court's analysis of the elements of these causes of action and see no legal error. Kersh would support them by reference to the same deficient record we have just reviewed in ruling on the dismissal of his S 1983 claim. Accordingly, we see no error in any of these rulings, and refuse to disturb them.
 
 
 26
 Limits placed on Kersh's discovery. Kersh asserts on appeal that the District Court improperly limited his discovery. It is not clear which of many discovery rulings he appeals from. Kersh argues that he filed timely notices of his intention to take depositions and to file interrogatories and requests for admission. He asserts that the witnesses refused to comply with his discovery requests, and that all his motions to the District Court to obtain discovery were denied.
 
 
 27
 Once again, the record does not support Kersh's assertions. The original cutoff date of discovery was August 1, 1986. R. 89. Kersh obtained two extensions, first to October 1, 1986 and then to November 11, 1986. R. 103, 111. The final cutoff was therefore almost a year and eight months from the date on which Kersh filed his complaint. Though Kersh had filed a notice that he would take depositions from Judge Templin and from Maddin and Shy on September 5, 1985, the docket sheet contains no motion to compel or any other sign of a struggle to obtain their compliance. Another notice of depositions of Maddin, Shy and others was filed on September 16, 1986. Once again, no sign of these persons' noncompliance appears on the record. Kersh points generally to protective orders that, he claims, prevented him from obtaining some discovery, but he does not indicate how the District Court erred in issuing those orders. Indeed, the record strongly suggests that Kersh did not diligently pursue discovery in this case. After granting two extensions of the time for plaintiff's discovery, the District Court acted well within its discretion in deciding to stand on a final deadline and to rule on the defendants' summary judgment motion.
 
 
 28
 Kersh's motion for summary judgment. Kersh cross-appeals the District Court's denial of his motion for summary judgment. R. 177 (Motion); R. 184 (Opinion and Order). The motion is founded on Kersh's assertion that the defendants knowingly caused him to be arrested while present in state court as a litigant in another matter, in violation of state law. M.C.L. S 600.1821. His appeal discloses a fundamental misunderstanding of the District Court's reason for denying the motion.
 
 
 29
 The District Court found that Kersh had not established that the defendants caused Kersh to be arrested at the time and place that he was arrested. Kersh does not attack this ruling, arguing instead that his claim foundered on his failure to show that the arresting officers knew Kersh was protected by M.C.L. S 600.1821, and that he failed to establish this fact only because he was not permitted adequate discovery. Even if Kersh had direct admissions of the arresting officers that they knew they acted illegally in arresting him in the courtroom, that proof would have no bearing on the question posed by Kersh's summary judgment motion: whether Shy, Maddin, Maddin's firm, and their associates, in seeking the contempt order and bench warrant and in resisting Kersh's efforts to have these instruments vacated, caused Kersh not merely to be arrested but to be arrested at a certain time and place. Kersh has not pointed out any flaw in the District Court's order denying his motion for summary judgment. We reject this assignment of error.
 
 
 30
 Writ of mandamus. In his brief, Kersh requests this court to remove this case from the docket of Judge Duggan by a writ of mandamus. As this Court has said in rejecting a similar petition filed by Kersh seeking to have Judge Duggan removed from several cases in which Kersh is involved:
 
 
 31
 The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. Will v. Calvert Fire Insurance Co., 437 U.S. 655, 661-62 (1978); Kerr v. United States District Court, 426 U.S. 394, 402-03 (1976). It cannot be used to control a district court in the exercise of its discretionary duties. See In re Post-Newsweek Stations, 722 F.2d 325, 329 (6th Cir.1983); City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir.), cert. denied, 449 U.S. 834 (1980). Under the circumstances of these cases, we conclude the petitioner has not shown a clear and indisputable right to the relief sought.
 
 
 32
 In re: David Kersh, No. 87-1987 (6th Cir. Dec. 12, 1987).
 
 
 33
 In this case, Kersh seeks the writ of mandamus on the basis of the very arguments which he has raised on the various assignments of error in this appeal and which we have already analyzed and rejected on their merits. Once again, Kersh has failed to meet the strict standard for the writ of mandamus.
 
 
 34
 Conclusion. We have reviewed every argument advanced by Kersh on this appeal and find no merit in any of them. Accordingly, the judgment below is AFFIRMED.
 
 
 35
 Furthermore, we believe this case is an appropriate one for application of strong sanctions. At the core of this entire appeal is our conclusion that Kersh has misrepresented the actual rulings of a state-court judge in order to give color to his otherwise patently meritless S 1983 claims. We cannot state strongly enough our disapproval of such a tactic. We note as well that Kersh has become a familiar of our Court by virtue of his repeated appeals which we have found must be dismissed because of his failure to prosecute them. Kersh v. Paperfold Bindaries, Inc., No. 89-1077 (6th Cir. May 15, 1989); Safeco Insurance Co. v. Kersh, No. 87-1039 (6th Cir. July 31, 1987); Kersh v. United Parcel Service, No. 87-1212 (6th Cir. July 6, 1987); Liberty State Bank & Trust v. Metro Passbook, Inc., No. 84-1569 (6th Cir. Jan. 7, 1987). The record is marred as well by appeals filed by Kersh which we have dismissed for lack of jurisdiction because of his tardy filing. Safeco Insurance Co. v. Kersh, No. 88-1812 (6th Cir. Dec. 19, 1988); Kersh v. American Heart of Michigan, Inc., No. 87-1884 (6th Cir. Apr. 6, 1988). Finally, we note that Kersh has recently filed an appeal from a district court order to show cause why he should not be enjoined from initiating further litigation against certain defendants without prior approval from the court--an interlocutory order over which we clearly lacked jurisdiction and which we therefore dismissed. Kersh v. United Parcel Service, No. 89-1813 (6th Cir. July 27, 1989). This unwarranted harassment of Kersh's numerous defendants must stop. We assign the defendants in this matter damages equal to their reasonable attorney fees and double costs. 28 U.S.C. S 1912. It is SO ORDERED.