[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 29, 2005
THOMAS K. KAHN
CLERK

No. 05-12102
Non-Argument Calendar

_____

D. C. Docket No. 02-01524-CV-JEC-1

RODERICK O. SOLOMON,

Plaintiff-Appellant,

versus

DEKALB COUNTY, GEORGIA,
THOMAS E. BROWN, JR., Individually and in His
Official Capacity as Director of Public Safety
of DeKalb County, Georgia, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 29, 2005)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Roderick O. Solomon, proceeding *pro se*, appeals the district court's order denying Solomon's Fed. R. Civ. P. 60(b) and 60(b)(3) motions for relief from the district court's grant of summary judgment in favor of DeKalb County, Georgia; Thomas E. Brown, Jr., Director of Public Safety of DeKalb County; Robert T. Burgess, Sr., DeKalb County Police Chief; Officer Michael E. Hannah, DeKalb County Police; and John Does 1-3, DeKalb County Police Officers (collectively referred to as "DeKalb defendants"); and SED International, Inc.; Mark Devito; and Jonathan Elster (collectively referred to as "SED defendants") (all defendants collectively referred to as "Defendants"). Solomon filed Rule 60(b) and 60(b)(3) motions in the district court after summary judgment was awarded to the Defendants on all counts in his 42 U.S.C. § 1983 and state causes of action suit, originally filed in state court and removed to the district court by the Defendants.

## I.

Solomon argues that he is entitled to Rule 60(b) relief due to the existence of credible evidence of police misconduct and bad faith.

"[A] district court's order under Rule 60(b) is reviewable only for abuse of discretion." *Am. Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). Rule 60(b) provides that

2

the [district] court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

[a]n appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review. Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal.

*Am. Bankers Ins. Co.*, 198 F.3d at 1338 (citation omitted). "Rule 60(b) and the independent actions its savings clause preserves give the court the power to set aside a judgment whose integrity is lacking. What Rule 60(b) and these independent actions *do not* provide is a means for litigants to obtain the district court's reconsideration of the claims and defenses its judgment adjudicated."

*Gonzalez v. Sec'y for Dep't of Corrections*, 366 F.3d 1253, 1295 (11th Cir. 2004) (*en banc*) (Tjoflat, J., concurring in part, dissenting in part), *cert. granted in part*,

3

125 S. Ct. 961 (2005), *cert. denied in part*, 125 S. Ct. 965 (2005), *affirmed on other grounds sub nom.  Gonzalez v. Crosby*, __ U.S. __, 125 S. Ct. 2641, __ L. Ed. 2d __ (2005) (emphasis in original) (citing *Am. Bankers Ins. Co.*, 198 F.3d at 1338).  "[R]elief under this clause [60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.  The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).

After reviewing the record, we conclude that the district court did not abuse its discretion by denying Solomon's Rule 60(b) motion.  The bulk of Solomon's argument in his motion in the district court was that the district court erred by granting summary judgment.  These contentions are not the proper foundation of a Rule 60(b) motion.  Solomon offered no basis in the district court or on appeal why he should be relieved from the district court's judgment or how, absent such relief, "extreme" or "unexpected" hardship will result.  It is apparent that Solomon is attempting to obtain this court's review of claims contained in his appeals previously dismissed by this court.  Rule 60(b) is simply not the proper avenue for such review.  Therefore, the district court did not abuse its discretion by denying the motion.

4

II.

Solomon argues that the DeKalb defendants' incomplete responses to his interrogatories merit relief under Rule 60(b)(3). He contends that police officers lied to the state magistrate regarding facts supporting Solomon's arrest warrant. He submits that evidence contradicts the statements of DeKalb defendants at his state preliminary hearing. He asserts that the DeKalb defendants committed discovery abuses warranting relief. He argues that the SED defendants lied at his state preliminary hearing to fraudulently create a motive for his actions, which warrants relief for fraud or misrepresentation under Rule 60(b)(3).

"[A] district court's order under Rule 60(b) is reviewable only for abuse of discretion." *Am. Bankers Ins. Co.*, 198 F.3d at 1338. Rule 60(b)(3) provides relief from final judgment due to "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3).

"To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. The moving party must also demonstrate that the conduct prevented them from fully presenting his case." *Waddell v. Hendry County Sheriff's Office*,

329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted). When a party knows of evidence but chooses not to present it or seek additional discovery for further investigation, that party is not entitled to Rule 60(b) relief following summary judgment. *See id.* at 1310.

We conclude from the record that the district court did not abuse its discretion by denying Solomon's Rule 60(b)(3) motion. Although Solomon alleges that various parties misrepresented facts at hearings and depositions and committed discovery abuses, he fails to set out his allegations with specificity or by clear and convincing evidence. Further, even assuming that Solomon had demonstrated his claims by clear and convincing evidence, he does not show how such conduct prevented him from fully presenting his case. Solomon has not provided any reason why he could not or did not provide the evidence of which he complains to the district court. Therefore, the district court did not abuse its discretion by denying the motion.

For the foregoing reasons, we affirm the district court's order denying Solomon's Rule 60(b) motions.

**AFFIRMED.**