[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2010
JOHN LEY
CLERK

No. 09-15753
Non-Argument Calendar
_____

D. C. Docket No. 05-02287-CV-CC-1

EDWARD LORENZO REASE,

Plaintiff-Appellant,

versus

FRANCIS J. HARVEY,
Secretary of Army,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 27, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Edward Lorenzo Rease, proceeding *pro se*, appeals the district court's denial of his motion to reopen the case filed pursuant to Federal Rule of Civil Procedure 60(b). Rease seeks relief from the district court's final judgment of an earlier order granting summary judgment to the defendants Francis J. Harvey, then Secretary of the Army, and the United States (collectively, "the "defendants").[1] Upon review of the parties' briefs and the record, we affirm.

Rease argues that the district court abused its discretion by finding that his motion to reopen the case brought under Rule 60(b)(1), (2), and (3) was untimely. He asserts that the district court should have construed his motion as filed pursuant to Rule 60(b)(5) and (6), which allows filing within a "reasonable time" after the issuance of the judgment. Rease further argues that, instead of determining whether there was a genuine issue for trial, the district court improperly made factual findings and credibility determinations. Rease also contends that he filed his claim before the Department of the Army within the statute of limitations and, even if his filing was untimely, the failure to file within the statute of limitations should be excused in the interest of justice. Lastly, Rease argues that the Army

---

[1] Rease's complaint brought suit under various statutes including the APA, 5 U.S.C. § 706, FOIA, 5 U.S.C. § 552, the Tucker Act, 28 U.S.C. § 1491, and the FTCA, 28 U.S.C. § 2674. Doc. 1.

Board of Correction of Military Records ("ABCMR") erred in denying his motion to reopen the case because he submitted new evidence and arguments.

We review "a district court's ruling upon a Rule 60(b) motion for abuse of discretion." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). Rule 60(b) allows relief to a party from a final judgment due to:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have discovered in time . . .; (3) fraud . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment that has been satisfied, released or discharged . . . reversed or vacated; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Further, the Rule provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) not more than one year after the entry of the judgment or order or date of the proceeding." Fed.R.Civ.P. 60(c)(1). It is well established, however, that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). Under that clause, "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will

3

result." *Id.* (citation omitted). In *American Bankers Ins. Co. v. Northwestern Nat'l Ins. Co.*, we held that

> [a]n appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review. Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal.

198 F.3d 1332, 1338 (11th Cir. 1999) (citation omitted).

In light of Rule 60(b), we find Rease's arguments unpersuasive. First, Rease's motion to reopen the case was filed on March 18, 2009, which was well over one year after the entry of judgment on August 18, 2006, so that any motion under Rule 60(b)(1), (2) or (3) was untimely. Docs. 16 and 31; *see* Fed.R.Civ.P. 60(c)(1).

Next, Rease's argument that the district court should have reviewed his motion as one brought under Rule 60(b)(5) and (6) is also without merit. The record indicates that the district court, in fact, reviewed his motion under all six subsections of Rule 60(b), and the district court did not err when it concluded that Rease was not entitled to relief under either of these clauses. Under clause 5 of Rule 60(b), Rease was not entitled to relief because the district court's judgment had not been reversed or vacated. *See* Fed.R.Civ.P. 60(b)(5). With respect to clause 6 of Rule 60(b), Rease's motion did not present any "exceptional

4

circumstances" that would entitle him to relief. *See Griffin*, 722 F.2d at 680. Moreover, Rease has not offered a basis, to the district court or on appeal, as to why he should be relieved from the district court's final judgment or how, absent such relief, an "extreme" or "unexpected" hardship will result. *See id.* Rather, the bulk of Rease's motion argues that the district court erred by granting summary judgment. This contention is not the proper foundation for a Rule 60(b) motion. *See American Bankers Ins. Co.*, 198 F.3d at 1338.[2]

Accordingly, we find that the district court did not abuse its discretion by denying Rease's Rule 60(b) motion, and we affirm.

**AFFIRMED.**

---

[2] It is also apparent that Rease is attempting to obtain this Court's review of claims previously rejected by this Court, or that could have been raised on direct appeal. Rule 60(b), however, is not the proper avenue for such review. *See id.*