WILSON, Circuit Judge,
dissenting:
Our “success-on-the-merits inquiry here relates to the district court’s rejection of [movant’s] Rule 60(b) motion.” See Workman v. Bell, 484 F.3d 837, 839 (6th Cir.2007) (explaining that a court considering a petitioner’s motion for stay of execution need consider only the likelihood of success of the petitioner’s Rule 60(b) claim and not the likelihood of success of his underlying habeas petition); cf. Browder v. Dir., Dep’t of Corr. of Ill., 434 U.S. 257, 263, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (limiting the scope of appellate review from denial of a Rule 60(b) motion to whether the district court abuses its discretion, clarifying that “an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review”). As an initial matter, I disagree with the Court that White must show a substantial likelihood of success on the ultimate claim of whether he is entitled to habeas relief.[1] Rather, he should be required to show only a substantial likelihood of success in obtaining the Rule 60(b) relief that he seeks.
This Court may grant a stay of execution if the moving party shows that: (1) he has a substantial likelihood of success on the merits; (2) he -will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other party; and (4) if issued, the injunction would not be adverse to the public interest. See In re Holladay, 331 F.3d 1169, 1176 (11th Cir.2003).
A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances to justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005). Furthermore, it must be shown that “absent such relief, an extreme and unexpected hardship will result.” Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir.1984) (internal quotations omitted). Failure to notify a death row inmate of an adverse ruling and eliminating his chance for appeal to this Court constitutes the kind of “extraordinary circumstances” that Rule 60(b)(6) exists to correct.[2]
White’s contention — that former counsel ceased representation without notifying him of the district court’s adverse ruling and thus prevented him from filing an appeal — now has undeniable support. Most importantly, White’s previous counsel admitted that he “was not aware of the rules that required [him] to file a notice of appeal and therefore [he] failed to do so.” Further, he admits that he “made a mistake by not vigilantly ensuring [White] was represented and ensuring that his appel *297 late rights were preserved.”[3] He further reveals that he does not believe that he even spoke with White during the notice of appeal period. His ignorance of the rules governing appeals can be explained by his lack of litigation experience. As he explained, “I formerly practiced transactional tax and corporate law.... I have never tried a case and have never been in a courtroom as an attorney in my career.” With such admissions from counsel, I believe “White must be afforded the opportunity to have this Court hear an appeal from the denial of his Rule 60(b) motion.
Additional facts further support White’s claim of abandonment. First, White’s affidavit clearly states that his lawyers abandoned him without notice.[4] He did not know the district court denied relief until he received documentation that the State was petitioning the Alabama Supreme Court to set an execution date. Second, the procedural history of this case — White has exercised his right to direct appeal, state post-conviction appeal, and federal habeas review — lends credibility to his contention that he would have sought further review. Third, upon receiving notice that the State moved the Alabama Supreme Court to set an execution, White sent a letter to that court, which it docketed as an opposition to the State’s motion. Finally, the district court’s docket reveals that four of the five attorneys involved never filed motions to withdraw. With the benefit of White’s affidavit and the other facts discussed, a panel of this Court would likely conclude that the district court erred in denying White’s Rule 60(b) motion.[5] In light of these facts, I fail to see how the district court can call White’s allegations “compelling” one day and, after they have been substantiated, reject them the next.
As to the other requirements that must be met to grant a stay, I “consider the irreparability of the injury that petitioner will suffer in the absence of a stay to be self-evident.” Holladay, 331 F.3d at 1177. When considering the harm that would be suffered by the State, I agree that it maintains a significant interest in enforcing its criminal judgments. I do not, however, believe that fleeting inconvenience imposed upon the State during the temporary stay of execution outweighs the fundamental harm that will be suffered by White should we deny the stay. The State, as the people’s representative in criminal proceedings, must yield to the overarching public interest of fairness in capital proceedings. Here, White has been deprived of appellate review of his federal habeas petition. That basic process is all he currently seeks.
*298 The opportunity to demonstrate that his post-conviction counsel abandoned him on appeal and that this abandonment constitutes extraordinary circumstances is within our power to give. As I have previously noted, “awarding an injunction is an equitable decision. We have broad powers to fashion a remedy in equity.” Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1242 (11th Cir.2005) (Wilson, J., dissenting). White’s life hangs in the balance of our decision. Given the equitable nature of our inquiry, the evidence before us is sufficient.
Accordingly, I dissent.

. The Court states that "White has wholly failed to show a significant possibility of success on the underlying federal habeas claim about which White seeks to file a belated appeal.” It follows this statement with “White has also failed to show a significant possibility of success on his claim that the district court abused its discretion in denying his Rule 60(b) motion.” Yet the focus of the Court’s opinion is the likelihood of White ultimately prevailing on his habeas petition.

. I believe that his current filing is most appropriately construed as a motion to reconsider our previous ruling that denied his request for a temporary stay so that this Court could review the district court’s denial of his Rule 60(b) motion.

. These facts were revealed in a recently submitted affidavit by White’s former counsel. He states that, after one of his colleagues was disbarred, he "represented Mr. White by [himself].”

. Withdrawal from representation without client notice constitutes unethical conduct under the Alabama Rules of Professional Conduct 1.16(d). The local rules for the Northern District require client and court notice of withdraw. See United States District Court for the Northern District of Alabama Local Rule 83.1(e). Unprofessional conduct by counsel during federal post-conviction proceedings can rise to the level of extraordinary circumstances, warranting relief from judgment under Rule 60(b). See Holland v. Florida, — U.S. -, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010) (stating "at least sometimes, professional misconduct ... could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling” of the Antiterrorism and Effective Death Penalty Act’s statute of limitations).

.The district court held no evidentiary hearing in this case to examine the veracity of White’s assertions. His claims are now supported by two affidavits and the other facts discussed above.