[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12934
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01099-EAK-TGW

JAMES M. EARLEY,

Plaintiff - Appellant,

versus

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,
LOWES HOME CENTERS, INC.,
SEDGWICK CMS,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 22, 2016)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

James Earley appeals the district court's denial of his motion to reopen, filed pursuant to Fed. R. Civ. P. 60(b)(6).  No reversible error has been shown; we affirm.

Briefly stated, Earley filed this civil action against his former employer, Defendant Lowe's Home Centers, Inc., in March 2013.  In his pro se complaint, Earley asserted that he was entitled to certain benefits under workers' compensation insurance, long-term disability insurance, and unemployment insurance policies.  In July 2013, the district court granted Defendant's motion to dismiss with leave to amend.  Earley later filed a document that the district court construed as an amended complaint.

On 7 November 2013, the district court dismissed Earley's amended complaint.  To the extent Earley purported to assert a claim under the Employment Retirement Income Security Act of 1974 ("ERISA"), the district court dismissed the claim with prejudice and without leave to amend.[1]

---

[1] The district court construed liberally Earley's complaint as also attempting to assert state law claims for workers' compensation and for unemployment compensation, and a claim under the Americans with Disabilities Act ("ADA").  In its 7 November 2013 order, the district court dismissed without prejudice Earley's state law claims and deferred ruling on the ADA claim, instructing Earley to file evidence that he had exhausted his administrative remedies.  Earley filed no response.  In April 2014, the district court dismissed the case in its entirety.

On 12 January 2016 -- over two years after the district court dismissed Earley's ERISA claim -- Earley filed, by counsel, a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b). Earley sought relief from the dismissal so he could continue to pursue his ERISA claim. In support of his motion, Earley alleged he never received a copy of the district court's 7 November order and, thus, had demonstrated "excusable neglect." In a reply brief, Earley asserted further that he "suffers from mental impairment affecting his memory caused, in part, by two strokes suffered in the pertinent time period." The district court denied Earley's motion to reopen.

We review only for abuse of discretion a district court's denial of a Rule 60(b) motion. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Under the catchall provision of Rule 60(b)(6), "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). We have said that Rule 60(b)(6) relief "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin, 722 F.2d at 680. Ultimately, the decision about "whether to grant the requested relief is . . . a matter for the district court's sound discretion." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). That a grant of a Rule 60(b)(6) motion "might have been permissible or warranted" is not enough: instead, the denial of the motion "must have been sufficiently unwarranted

3

as to amount to an abuse of discretion." Id. In other words, a party seeking relief bears a heavy burden of demonstrating "a justification so compelling that the district court was required to vacate its order." Id. (alteration omitted).

Earley has failed to satisfy his burden of demonstrating "extraordinary circumstances" warranting relief. In support of his motion, he first contends that he never received the district court's 7 November 2013 dismissal order. The record evidences, however, that this lack of receipt was due at least in part to Earley's failure to notify timely the district court of his change in address. Given Earley's failure to keep his address current -- despite the district court's earlier express instruction to Earley about his obligation to notify the court about address changes -- we cannot say that his alleged failure to receive the dismissal order constitutes a sufficiently compelling justification to require relief under Rule 60(b)(6).

Earley also contends that his medical condition constitutes sufficient "extraordinary circumstances." In particular, Earley suffered from two strokes, the earliest of which occurred in July 2014. In denying Earley's motion to reopen, the district court recognized that Earley's medical condition may help to explain the over two-year delay in filing his motion to reopen. But because Earley's first stroke occurred more than six months after the court dismissed with prejudice Earley's ERISA claim, the district court concluded that Earley's medical condition

4

had no bearing on Earley's failure in his original and amended complaints to state a claim under ERISA or on Earley's failure to comply otherwise with court orders. On this record, we cannot conclude that the district court's ruling constituted an abuse of discretion.

AFFIRMED.