[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10037
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cv-61446-BB

CIRCUITRONIX, LLC,

Plaintiff–Appellant,

versus

SUNNY KAPOOR, ET AL.,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 21, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Circuitronix appeals the district court's denial of its Rule 60(b)(3) motion alleging that Sunny Kapoor fraudulently concealed documents during discovery and lied under oath at trial, and that as a result Circuitronix was denied a fair hearing.  Because we conclude that the district court may have erred in its interpretation of certain provisions in the parties' Settlement Agreement, we remand to the district court for reconsideration.

**I**

This is the second time that this case has come before us.  The parties are familiar with the facts, and we will not repeat them here except as necessary.  The parties are also familiar with our prior conclusion that "the district court did not clearly err in making the factual findings that underlie its judgment."  *Circuitronix, LLC v. Kapoor*, 748 F. App'x 242, 243 (11th Cir. 2018).  In particular, our earlier decision affirmed the district court's construction of the term "compete" in the Settlement Agreement and rejected Circuitronix's alternative argument that Kapoor had not only sold PCBs and PCBAs as parts within power supplies but also as stand-alone products.  Our decision did not address two separate provisions in the Settlement Agreement that barred Kapoor from (1) "solicit[ing]" any "employee, officer, director, shareholder, or agent of Circuitronix or any of its

2

vendors, customers, or affiliates for a period of 5 years" or (2) "hav[ing] any contact . . . with any suppliers, customers or employees of Circuitronix."  Nor did the district court focus on these provisions, either in its Final Order or in its Order denying Circuitronix's Rule 60(b)(3) motion.  Because we conclude that the few conclusions that the district court did reach regarding to those provisions of the Settlement Agreement may have been erroneous, we vacate the district court's Order denying Circuitronix's Rule 60(b)(3) motion and remand for reconsideration.

## A

Rule 60(b)(3) of the Federal Rules of Civil Procedure empowers a court to "vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949).  Because motions under Rule 60 address the discretion of the district court, appellate review is limited to whether the district court abused that discretion.  *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  A district court abuses its discretion when it "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007).

In the Order denying Circuitronix's motion for relief, the district court concluded that the additional evidence Circuitronix submitted purporting to

3

indicate that Kapoor had lied to the court nonetheless did "not provide any evidence of a transaction or solicitation involving the sale of PCB or PCBA by Ei EMS." That conclusion relied on the district court's construction of the Settlement Agreement as preventing Kapoor from entering into transactions with and soliciting or contacting Circuitronix's customers concerning defined "lines of business." But the phrase "lines of business" appears only alongside the prohibition on Kapoor entering into transactions with Circuitronix's customers. It is absent from the provisions that restrain Kapoor from soliciting or contacting Circuitronix's customers. We conclude that this difference may matter—in that the "lines of business" limitation may apply only to the former provision, not to the latter.

Paragraph 3 of the Settlement Agreement has received the most attention in this litigation. It provides, as relevant here, that Kapoor "shall not . . . compete with Circuitronix, anywhere in the world," and that Kapoor "acknowledges that this restriction applies to all lines of business in which Circuitronix engaged during the time period Defendant was employed by Circuitronix." The district court construed "lines of business"—narrowly, but not abusively so per our prior opinion—as barring Kapoor only from selling PCBs and PCBAs as stand-alone, final products. Kapoor remained free to sell PCBs and PCBAs as components within other final products. Paragraph 4 of the Settlement Agreement goes on,

4

separately, to provide that Kapoor "shall not . . . solicit, recruit, or attempt to hire any . . . agent of Circuitronix or any of its vendors, customers, or affiliates." Paragraph 5 dictates, even more expansively, that Kapoor "shall not to [sic] have any contact, that he initiates and/or was planned, with any suppliers, customers or employees of Circuitronix." Conspicuously absent from Paragraphs 4 and 5 is the reference to Circuitronix's "lines of business" that appears in Paragraph 3. According to longstanding principles of contract interpretation, that absence may well be significant.

The negative-implication canon, also known by its Latin, *expressio unius est exclusio alterius*, suggests that when construing a statute or contract, "expressing one item of [an] associated group or series excludes another left unmentioned." *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80 (2002) (quoting *United States v. Vonn*, 535 U.S. 55, 65 (2002)). As the Supreme Court recently explained in *N.L.R.B. v. SW General, Inc.*, "[i]f a sign at the entrance to a zoo says 'come see the elephant, lion, hippo, and giraffe,' and a temporary sign is added saying 'the giraffe is sick,' you would reasonably assume that the others are in good health." 137 S. Ct. 929, 940 (2017); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law* 107 (2012).

The Court has also made clear, however, that "[t]he force of any negative implication . . . depends on context." *Marx v. General Revenue Corp.*, 133 S. Ct.

1166, 1175 (2013). And both the Supreme Court and this Court have held, in certain circumstances, that context precluded application of the negative implication recommended by the canon. *See, e.g.*, *Echazabal*, 536 U.S. at 79–82; *United Dominion Indus., Inc. v. United States*, 532 U.S. 822, 836 (2001); *Pauley v. BethEnergy Mines, Inc.*, 501 U.S. 680, 703 (1991); *United States v. Castro*, 837 F.2d 441, 442–443 (11th Cir. 1988) (collecting cases).

The canon's application here could sway the result. Before we can properly assess the facts, we need to know whether, as a matter of pure contract interpretation, Kapoor was allowed to solicit or contact Circuitronix's vendors, customers, or affiliates (Paragraph 4), or to contact its suppliers, customers, or employees (Paragraph 5) so long as it did not involve the production of PCBs and PCBAs as stand-alone, final products. The district court seemed to assume—albeit without saying so expressly, and certainly without explanation—that the Settlement Agreement's restrictions on solicitation and contact were, like the prohibition on competition, also limited to Circuitronix's "lines of business." But that limitation is not explicit in either Paragraph 4 or Paragraph 5, and the *expressio unius* canon may (if it applies) counsel the conclusion that it does not apply to those provisions.

The reason that the answer to the interpretive question matters here is that the evidence that Circuitronix presented in support of its Rule 60(b)(3) motion

6

suggests that Kapoor *did* solicit and contact Circuitronix's customers concerning PCBs and PCBAs—repeatedly.  If Kapoor was allowed to do so under the Settlement Agreement—because Paragraph 3's restriction to all of Circuitronix's "lines of business" implicitly carried over to Paragraphs 4 and 5, and Circuitronix therefore had to prove not just that Kapoor solicited or contacted these customers but that he did so with the intention of selling them PCBs and PCBAs as a final product—then the district court's Order should stand.  If Kapoor was barred from doing so under the Settlement Agreement—because (perhaps) Circuitronix was concerned not just with Kapoor treading on its lines of business but also with him engaging with its customers generally, and so prohibited all contact under the Settlement Agreement by using the expansive phrasing "shall not . . . solicit . . . any" in Paragraph 4 and "shall not . . . have any contact" in Paragraph 5, without reservation as to its "lines of business"—then Kapoor appears to have violated the Settlement Agreement.

Because the district court did not address the interpretive question head-on, we think it best to vacate that court's order and remand for an express determination regarding the scope of the restrictions imposed by Paragraphs 4 and 5 of the Settlement Agreement.  Having made that determination, the district court may of course proceed to decide whether Rule 60(b)(3) relief is appropriate.

**VACATED and REMANDED.**

7