[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14496

Non-Argument Calendar

_____

MAMBERTO REAL,

Plaintiff-Appellant,

*versus*

MICHAEL PERRY,
Individual capacity,

Defendant-Appellee,

CITY OF FORT MYERS,
Official capacity,

2                     Opinion of the Court                    21-14496

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:18-cv-00331-JES-NPM

_____

Before BRANCH, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Mamberto Real appeals from the district court's order denying his Federal Rule of Civil Procedure 60(b)(2) motion for a new trial based on newly discovered evidence. Real argues that his motion for a new trial should have been granted because it offered newly discovered evidence that he saw a witness for the defense speak with members of the jury during a break in his trial. Having read the parties' briefs and reviewed the record, we affirm the district court's order denying Real's motion for a new trial.

**I.**

We review a district court's treatment of a motion for new trial under a deferential abuse of discretion standard. *Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1301 (11th Cir. 2019) (citation omitted). Thus, to overturn the denial of such a motion, "it is not enough that a grant of the motion[] might have been permissible or warranted; rather, the decision to deny the motion[] must have

been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). We generally disfavor motions for new trial based on newly discovered evidence. *Dear*, 933 F.3d at 1301 (citation omitted).

## II.

Rule 60(b)(2) allows a court to grant relief from a final judgment due to newly discovered evidence which, by due diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(2). Relief pursuant to Rule 60(b) is an extraordinary remedy, and the moving party must meet strictly the requirements of the rule. *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1019-20 (11th Cir. 2001). The moving party must meet the following five-part test: (1) the evidence must be newly discovered since the trial; (2) the movant used due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

## III.

The record demonstrates that the district court did not abuse its discretion in denying Real's motion because Real's proffered evidence in the motion was not newly discovered. Thus, Real did not meet the requirements for the district court to grant his motion for a new trial. Real's motion relies on evidence of a defense witness's contact with his trial jury. However, this is not

newly discovered evidence because the jury rendered a verdict after Real allegedly saw the witness with the jurors. Real had the opportunity to raise his concerns at trial but he did not. Thus, his evidence does not qualify as newly discovered. Moreover, Real has not demonstrated that the witness's alleged contact with the jurors, if brought to the attention of the district court, would have yielded a different result in the outcome of his trial.

Real cannot satisfy the requirements to show that the district court should have granted his motion for a new trial; thus, he cannot show that the district court abused its discretion. Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Real's motion for a new trial.

**AFFIRMED.**