[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12862

Non-Argument Calendar

_____

JUAN LLAURO,
CARLOS LLAURO,
JORGE LLAURO,
MARIA MARTINEZ,
Individually,
SAMUEL ABAD,
JOEL BRITO,
SANDRA LLAURO,
IRENE TOVAR,
ESTATE OF NIDIA LLAURO,
CAPRI CONSTRUCTION CORP.,

                                        Plaintiffs-Appellants,

versus

DETECTIVE MICHAEL LINVILLE,
Individually,
DETECTIVE JOEL VALDES,
Individually,
BROWARD COUNTY, FLORIDA,
BRIDGEFIELD EMPLOYERS INSURANCE COMPANY,
GREGORY TONY,
in his official capacity as
Sheriff of Broward County Sheriff's Office, et al.,

                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-20638-DPG

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Juan Llauro, Carlos Llauro, Jorge Llauro, Maria Martinez, Samuel Abad, Joel Brito, Sandra Llauro, Irene Tovar, Estate of Nidia Llauro, and Capri Construction Corporation (Capri) (collectively, Plaintiffs) appeal the district court's dismissal of their First Amended Complaint (FAC) with prejudice and subsequent denial

to reopen their case and grant leave to file a second amended complaint. In denying Plaintiffs' post-dismissal motions to reopen their case and for leave to file a second amended complaint, the district court reasoned that it lacked jurisdiction because Plaintiffs filed the motions after their Notice of Appeal. Plaintiffs also argue that the affidavits attached to their complaint were not a "written instrument" for the purposes of Federal Rule of Civil Procedure 10(c) and that the district court improperly accepted facts from those affidavits as true despite Plaintiffs alleging that the affidavits were false. After careful review, we affirm.

I.

On February 19, 2019, Plaintiffs initiated their civil action against Detectives Michael Linville and Joel Valdes, the Broward County Sheriff's Office (BSO),[1] and Bridgefield Employers Insurance Company (collectively, Defendants) and filed their FAC on April 17, 2019. In the FAC, the individual plaintiffs alleged 42 U.S.C. § 1983 claims against Detectives Linville and Valdes for violating their Fourth Amendment right to be free from arrest, search, and seizure warrants that lack probable cause. Also, the individual plaintiffs alleged state law claims for false arrest and false imprisonment against Detectives Linville and Valdes, and vicarious liability

---

[1] The FAC named Gregory Tony, Broward County's Sheriff, as a defendant in his official capacity. Because Plaintiffs sued Sheriff Tony in his official capacity, Plaintiffs sued Broward County Sheriff's Office. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1986). Thus, we will use BSO when referring to any allegations against Sheriff Tony.

claims against BSO.  The crux of Plaintiffs' FAC is that the affidavits by Detectives Linville and Valdes, which were used to obtain arrest, search, and seizure warrants, lacked probable cause.  Juan Llauro, Jorge Llauro, Abad, Martinez, and Brito were arrested and charged with various crimes relating to workers' compensation fraud and money laundering.[2]

Defendants moved to dismiss Plaintiffs' FAC.  Relevant for this appeal, Defendants argued that Detectives Linville and Valdes are entitled to qualified immunity because Plaintiffs cannot show that Detectives Linville and Valdes violated Plaintiffs' Fourth Amendment rights or that the Fourth Amendment right was clearly established at the time.  Notably, Defendants argued that the affidavits of Detectives Linville and Valdes demonstrate probable cause and Plaintiffs' FAC fails to negate that probable cause. Defendants further argued that qualified immunity shields Detectives Linville and Valdes from the state law claims.  Plaintiffs opposed Defendants' motion to dismiss and requested leave to amend their complaint "to correct any technical deficiencies" that the district court may have found.

On June 30, 2020, the district court granted with prejudice Defendants' motion to dismiss.  In its order, the district court followed this court's decision in *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504 (11th Cir. 2019), that provided guidance on how to address when allegations in the complaint conflict with exhibits,

---

[2] Ultimately, the Miami-Dade State Attorney's Office dismissed all charges.

such as affidavits. Specifically, the district court noted that if the complaint contains conclusory and general allegations that are contradicted by an exhibit, then the exhibit governs. However, if the complaint contains specific well-pleaded allegations that are contradicted by conclusory allegations in an exhibit, the allegations in the complaint govern. Using the framework from *Gill*, the district court ultimately found that the arrests were objectively reasonable based on probable cause from the affidavits and that Detectives Linville and Valdes did not violate Plaintiffs' constitutional rights. Thus, the district court found Detectives Linville and Valdes were entitled to qualified immunity on the Section 1983 claims.[3] The district court also denied Plaintiffs' request for leave to amend their complaint because Plaintiffs did not provide "a compelling reason to allow amendment in the face of dismissal on the merits."

On July 29, 2020, Plaintiffs filed a Notice of Appeal in the district court. On July 30, 2020, a Notice of Appeal was docketed in this court. After receiving additional time to file their opening brief in this court, on November 9, 2020, Plaintiffs moved the district court to reopen the original case under Federal Rules of Civil Procedure 59 and 60 and for leave to file a second amended complaint under Federal Rule of Civil Procedure 15. Subsequently, Plaintiffs moved to stay their appeal until the district court ruled on

---

[3] Because the district court dismissed the federal claims, the district court declined to exercise supplemental jurisdiction over the remaining state law claims.

its pending motion.  This court granted Plaintiffs' request and stayed this appeal.  *See* Fed. R. App. P. 4(a)(4).

The district court denied Plaintiffs' motions to reopen the case and for leave to file a second amended complaint.  Specifically, the district court stated that Plaintiffs' motion under Federal Rule of Civil Procedure 15(a) and 59(b) was untimely and found that Plaintiffs did not meet the standard under Federal Rule of Civil Procedure 60(b).  Plaintiffs argued that no final judgment was entered and thus the time to appeal had not run under Federal Rule of Civil Procedure 58.  But the district court found that Plaintiffs acknowledged the dismissal order was a final judgment, which ended the litigation on the merits, when Plaintiffs filed their Notice of Appeal.  Plaintiffs filed an amended notice of appeal to include the district court's order denying the motions to reopen the case and for leave to file a second amended complaint.  This appeal followed.

## II.

Plaintiffs raise two issues.  First, Plaintiffs argue the district court erred as a matter of law in denying their post-dismissal motions for leave to file an amended complaint and to reopen their case under Federal Rules of Civil Procedure 15(a), 59(e), and 60(b).  Second, Plaintiffs argue the district court erred as a matter of law in making the affidavits of Detectives Linville and Valdes a part of the FAC and in permitting Defendants to use them to defeat Plaintiffs' well-pleaded allegations in their FAC.  We will address each issue in turn.

A.

"We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law *de novo*." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007) (internal citation omitted). We review questions of jurisdiction de novo. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam).

Plaintiffs argue that the district court erred in finding their motion to reopen the case and motion for leave to file a second amended complaint untimely because the district court lacked jurisdiction to consider it. To support their argument that their motions were timely, Plaintiffs rely on the separate document requirement in Federal Rule of Civil Procedure 58. Under Rule 58(a), "every judgment . . . must be set out in a separate document" with certain exceptions. Rule 58(c) also provides that if the clerk does not enter a separate judgment, final judgment is deemed entered if "150 days have run from the entry in the civil docket." Plaintiffs assert that Rule 58(c) governs because the district court did not enter a separate judgment, and the final judgment date is not until 150 days from the entry of the district court's dismissal order—November 27, 2020. Plaintiffs then argue that they timely filed their motion because they filed their motion on November 9, 2020, which was before November 27, 2020.

First, we must determine what is the date of final judgment. Plaintiffs argue that under Rule 58 the date of final judgment is

November 27, 2020, 150 days after the district court's order dismissing the case with prejudice.

Plaintiffs' reliance on Rule 58 is misplaced.[4] Plaintiffs completely overlook their own Notice of Appeal filed in the district court on July 29, 2020. By filing their Notice of Appeal, Plaintiffs construed the dismissal as an order that "end[ed] the litigation on the merits" and thus was immediately appealable. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252 (11th Cir. 2014); *see also* 28 U.S.C. § 2107(a). And as Defendants correctly point out, in *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978) (per curiam), the Supreme Court held that under certain circumstances a party can waive the separate document requirement under Rule 58.

*Mallis* involved appellate jurisdiction invoked under 28 U.S.C. § 1291, which provides the "courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States." As the Supreme Court noted, *Mallis* posed the issue of "whether a decision of a district court can be a 'final decision' for purposes of § 1291 if not set forth on a document separate from the opinion." 435 U.S. at 383. The Supreme Court then concluded that the separate-document requirement of Rule 58 was not meant to "be such a categorical imperative that the parties are not

---

[4] The Federal Rules of Appellate Procedure take into consideration the separate document requirement under Rule 58 but also notes that "[a] failure to set forth a judgment or order on a separate document . . . does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(b).

free to waive it." *Id.* at 384.  In explaining why Rule 58 included the separate-document requirement, the Supreme Court noted that it was "intended to avoid the inequities that were inherent when a party appealed from a document . . . that appeared to be a final judgment" only to then have the appellate court find that it lacked jurisdiction because an earlier document was the judgment, and the appeal was untimely.  *Id.* at 385.  The Supreme Court determined that when the district court's order is a final decision in the case, the losing party then appeals that decision, and the other party does not "object to the taking of the appeal in the absence of a separate judgment," the parties are "deemed to have waived the separate-judgment requirement" under Rule 58 and giving the appellate court jurisdiction under § 1291.  *Id.* at 387–88.

Like in *Mallis*, the doctrine of waiver is applicable here.[5] Plaintiffs chose to appeal the June 30th dismissal order to this court and filed two requests for extensions of time to file their initial brief. Plaintiffs treated the June 30th dismissal order as a final appealable order and only when the 150 days deadline came close to expiring did Plaintiffs then return to the district court in an attempt to get another bite at the district court apple rather than assert its

---

[5] Plaintiffs argue that the doctrine of waiver from *Mallis* does not apply because Rule 58 was amended in 2002, after the Supreme Court decided *Mallis* and added the time frame of 150 days.  However, the 2002 Amendments did not change Rule 58 to the point that any case law interpreting it no longer applicable, but rather sought to provide clear guidance on when the time to appeal ended and as not to cut-off a party's time to appeal.

arguments in this court.  Thus, we use June 30th as the date of final judgment.

Having resolved what the final judgment date is, we will determine if the district court erred in denying the Plaintiffs' motions for leave to file a second amended complaint and to reopen the case.

First, we turn to Plaintiffs' argument concerning their motion for leave to file a second amended complaint under Rule 15(a). "Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered" and "has no application *after* judgment is entered." *Jacobs v. Tempur-Pedic, Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).  Plaintiffs filed their Rule 15(a) motion on November 9, 2020, over 132 days after the June 30th final judgment.  Thus, the district court properly determined that Plaintiffs' motion was untimely because Plaintiffs filed their motion after final judgment.

Next, we turn to whether the district court correctly denied Plaintiffs' motion to reopen the case under Rule 59(e).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Plaintiffs filed their motion to reopen their case over 132 days after the June 30th final judgment.  Because the motion was filed well past the 28-day deadline identified in Rule 59, the district court correctly found that Plaintiffs' motion was untimely.

Last, we turn to whether the district court correctly denied Plaintiffs' motion to reopen the case under Rule 60(b).  Because

20-12862                 Opinion of the Court                    11

Plaintiffs did not specify which subsection under Rule 60(b) supported their request, the district court construed Plaintiffs' motion to fall under the catch-all provision which provides for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In their brief, Plaintiffs argue the district court erred in requiring them to show exceptional circumstances under Rule 60(b)(6), because the district court should have used the Rule 15(a) standard. As discussed above, Plaintiffs filed their motion after the final judgment date, so Rule 15(a) does not apply to this motion. Thus, the district court used the correct standard under Rule 60(b) and properly found that Plaintiffs failed to show exceptional circumstances of hardship.[6]

Thus, the district court did not err in denying Plaintiffs' motion for leave to amend under Rule 15(a) as untimely; Plaintiffs' motion to reopen the case under Rule 59(e) as untimely; and Plaintiffs' motion to reopen under Rule 60(b) because Plaintiffs did not show exceptional circumstances.

B.

Plaintiffs argue for the first time on appeal that an affidavit is not a written instrument under Rule 10(c). Although Plaintiffs assert that they argued to the district court that it could not incorporate the contents of the affidavits into the FAC, Plaintiffs noted

---

[6] Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances" such as extreme and unexpected hardships. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

that they did not present the argument of whether affidavits are written instruments under Rule 10(c) to the district court. Because Plaintiffs did not raise the argument in the district court, we need not consider it on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Id.* (internal quotation mark omitted). Although we will sometimes address waived arguments if a refusal to consider them would result in a miscarriage of justice, this case is not one of them.

Plaintiffs further argue that even if an affidavit is a written instrument, the district court misapplied this court's guidance from *Gill* and accepted the affidavits' statements as true and part of the complaint.

"We review de novo a district court's decision to grant or deny the defense of qualified immunity on a motion to dismiss, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003). However, when an affidavit is attached to the complaint and the complaint alleges that affidavit is false, the district court must review the allegations and counterpart in the affidavit to determine if the statements in the affidavit should be considered. *Gill*, 941 F.3d at 514. Further, "[w]hen a complaint contains specific, well-pleaded allegations that either do not appear in the attached exhibit or that contradict conclusory statements in the exhibit, we credit the allegations in the

20-12862            Opinion of the Court            13

complaint." *Id.* However, conclusory allegations in the complaint about the attached affidavit do not automatically require the court to throw out the attached affidavit. Rather, we must "compare each relevant allegation in the complaint with its counterpart in the arrest affidavit and decide if [it] is specific enough to prevent that statement in the affidavit from being considered." *Id.* at 515.

First, the district court looked at the Plaintiffs' FAC and the affidavits and properly disposed of their allegations that were too vague and provide no help in determining what statements in the affidavit were material misstatements or what information was omitted. Next, the district court looked at three specific allegations that related to witnesses and their statements but found that those statements were too broad, making it difficult to determine if those allegations affected whether the detectives had probable cause.

Then, the district court had to look at the specific alleged misstatements and alleged omissions to determine if removing those misstatements and considering those omissions would negate probable cause for a warrant affidavit and constitute a Fourth Amendment violation. *See Paez v. Mulvey*, 915 F.3d 1276, 1287 (11th Cir. 2019). Using *Paez*, the district court properly reviewed the alleged misstatements and omissions and found that those allegations did not negate the probable cause.[7]

---

[7] Plaintiffs do not argue that the district court incorrectly found the detectives were entitled to qualified immunity. Thus, we deem that argument waived and do not address whether the district court made a proper qualified

Thus, the district court did not err in its consideration of the attached affidavits under this court's binding precedent.

### III.

After careful review, we find the district court did not err in denying Plaintiffs' post-dismissal motion to reopen the case and for leave to file a second amended complaint.  Additionally, we find that Plaintiffs waived their argument on whether an affidavit is not a written instrument under Rule 10(c).  Further, we find that the district court properly considered the affidavits that Plaintiffs attached to their complaint.

**AFFIRMED.**

---

immunity determination.  *See Access Now*, 385 F.3d at 1330 ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").