[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-13603

Non-Argument Calendar

————————————————

JOHNNY BRETT GREGORY,

Plaintiff-Appellant,

*versus*

ROBERT B. ADAMS,
Superior Court Judge, Whitfield County,
PAT GIDDENE,
Clerk,
AMBER WINKLER,
Civil Clerk's Office of Whitfield County,
BETTY NELSON,
Clerk of the Superior Court, Whitfield County,
MELICA KENDRICK, et al.,

2                    Opinion of the Court                    23-13603

Superior Clerk, Whitfield County,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:09-cv-00054-TWT

————————————

Before WILSON, JORDAN, and LUCK, Circuit Judges.

PER CURIAM:

Johnny Brett Gregory, proceeding *pro se*, appeals the district court's denial of his motion to reopen his 42 U.S.C. § 1983 civil rights action. Mr. Gregory argues that the district judge abused his discretion when refusing to recuse. He also argues that the district court abused its discretion by denying his motion to reopen his case. Finally, Mr. Gregory appears to argue that the district court engaged in treason by acting without jurisdiction. We affirm.

**I**

A district judge's decision on whether to recuse is reviewed for an abuse of discretion. *See In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). A district judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." *See* 28 U.S.C. § 455(a). Additionally, he must also disqualify himself

if "he has a personal bias or prejudice concerning a party." *See* 28 U.S.C. § 455(b)(1).

Generally, the partiality "must stem from extrajudicial sources and must be focused against a party to the proceeding." *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (citation omitted). Absent evidence of pervasive bias and prejudice, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). "Challenges to adverse rulings are generally grounds for appeal, not recusal." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009). In other words, rulings adverse to a party do not constitute pervasive bias. *See Hamm*, 708 F.2d at 651.

Here, the district judge did not abuse his discretion in declining to recuse, as judges have no obligation to do so where the alleged bias is not extrajudicial in nature. *See Hamm*, 708 F.2d at 651. Mr. Gregory has provided no reason to suggest that the district judge's impartiality could reasonably be questioned. *See McWhorter*, 906 F.2d at 678. Adverse rulings are not evidence of pervasive bias. *See Hamm*, 708 F.2d at 651.

## II

We review the denial of a Rule 60(b) motion for an abuse of discretion. *See Rice v. Ford Motor Co.*, 88 F.3d 914, 918–19 (11th Cir. 1996). Usually, the appeal of a Rule 60(b) motion is limited to determining whether the district court abused its discretion in

denying the motion, and does not extend to the validity of the underlying judgment *per se*. *See id.*

Rule 60(b) allows a party to seek relief from judgment or reopen his case based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been discharged; and (6) "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1)−(6).

Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). "The party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Id.* (quotation marks and citation omitted).

Mr. Gregory has failed to demonstrate any "exceptional circumstances" justifying relief. *See id.* at 680. Instead, by offering baseless accusations of racism and bias against the district judge, Mr. Gregory merely attempts to relitigate arguments raised in his initial complaint. He does not provide a convincing reason why his case should be reopened, or why the district court should not have closed it to begin with.

## III

Generally, issues not raised in an initial brief are considered abandoned and will not be addressed absent extraordinary circumstances. *See Anthony v. Georgia*, 69 F.4th 796, 807 (11th Cir. 2023).

Similarly, "an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Furthermore, although the allegations of a *pro se* complaint are liberally construed, that is, held to less stringent standards than formal pleadings drafted by lawyers, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks and citation omitted). Likewise, this leniency toward *pro se* parties does not alter the general principle that issues not raised below are generally not considered on appeal. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

We will generally only consider exercising our discretion to consider a newly-raised or abandoned issue when (1) the issue involves a pure question of law, and refusing to consider it would result in a miscarriage of justice; (2) the appellant did not have an opportunity to raise the issue below; (3) the interest of substantial justice is at stake; (4) there is no doubt as to the proper resolution; or (5) the issue involves significant questions of general impact or great public concern. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004).

Here, Mr. Gregory's arguments are particularly unclear and, as such, he has abandoned them on appeal. *See Anthony*, 69 F.4th at 807. *See also Campbell*, 760 F.3d at 1168–69. Mr. Gregory's

allegation of treason—a most serious allegation—is set forth in a perfunctory manner, without the support of coherent legal arguments or relevant authority. *See Sapuppo*, 739 F.3d at 681.

With no basis in law or fact, Mr. Gregory claims that the district judge's refusal to allow him to abuse the judicial process, by serially filing meritless motions and complaints, amounts to treason. The Supreme Court case that Mr. Gregory cites as authority holds that certain federal laws violate the Constitution's Compensation Clause, and is thus not relevant to Mr. Gregory's case. *See United States v. Will*, 449 U.S. 200 (1980) (holding that certain federal laws stopping or reducing previously authorized pay increases for federal judges violated the Constitution's Compensation Clause). Finally, as discussed above, Mr. Gregory's arguments that the district judge acted with racial bias and animus are unsupported by the record.

**IV**

In addition to appealing the district court's denial of his motion to reopen the § 1983 action, Mr. Gregory moves for appointment of a special master "to collect under a writ of seizure" assets belonging to the defendants. "A court of appeals may appoint a special master to hold hearings, if necessary, and to recommend factual findings and disposition in matters ancillary to proceedings in the court." Fed. R. App. P. 48(a). Mr. Gregory's application for a writ of seizure is not an ancillary matter related to the issues raised in his current appeal. A special master is therefore unavailable under the circumstances.

Mr. Gregory also moves to void an interlocutory injunction issued by the Whitfield County Superior Court in a previous civil action. Lower federal courts, however, do not have jurisdiction to review final judgments of state courts. *See, e.g., D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). *See also Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (explaining the "jurisdictional rule that precludes the lower federal courts from reviewing state court judgments"). The U.S. Supreme Court is the only federal court with jurisdiction over such proceedings. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005) (explaining that 28 U.S.C. § 1257 "vests authority to review a state-court judgment solely in th[at] Court"). This Court therefore lacks jurisdiction to review the rulings of Whitfield County Superior Court and does not have the federal appellate authority to void the order entered against Mr. Gregory.

## V

The district court's denial of Mr. Gregory's motion to reopen his § 1983 action is **AFFIRMED**, and Mr. Gregory's motion to appoint a special master and to void a state-court injunction are **DENIED**.

**AFFIRMED.**